**ARTHUR et, Appellants, v. BENDER et, Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22083.   Decided March 15, 1951.

Lody Huml, Cleveland, for plaintiff-appellants.

Edmiston, Boldizer, Schneider & Zellmer, Cleveland, for defendant-appellees.

(CARPENTER, PJ, FESS and CONN, JJ, of the Sixth District sitting by designation in the Eighth District.)

## OPINION

By FESS, J:

Appeal on questions of law from a judgment of the Common Pleas Court denying the relief prayed for in the plaintiffs' petition for injunction and other relief and entering judgment against plaintiffs for costs.

The petition was not formally dismissed, but no complaint is made upon this appeal regarding the finality of the order. A temporary restraining order previously granted had expired and the case was heard upon the merits as and for a permanent injunction.

Plaintiffs sought to enjoin the defendant from moving an old house and setting same upon sublot No. 212 in the Village of Warrensville Heights, located across the street from plaintiffs' lot in the same subdivision. The evidence disclosed that there was a uniform and general plan of development containing nineteen specified restrictions relating to the lots in the subdivision, including those of plaintiffs and defendant. The original agreement between the owners recited that the premises should be subject to the restrictions until July 1, 1975. One of these restrictions provides that

"No building of any kind shall be moved upon any lot and no building shall be constructed containing any used or second-hand material."

Torrens Title Certificates were issued to the parties containing the restrictions which were also designated as covenants with the land.

Prior to purchasing the house, on July 5, 1950, defendant in compliance with an ordinance of the village secured a permit to move the house and erect it upon her lot. She was not aware of any objections on the part of her neighbors until after the basement and foundations were constructed and the house raised thereon. On July 27, the objectors appeared at a meeting of the village council and protested against the issuance of the permit because it violated the restrictions relating to the allotment contained in the deeds. The defendant was present at this meeting. Apparently the protest was disallowed by the council on the ground that under the ap-

plicable ordinances, permits for moving and erection of buildings are issued in compliance with such ordinances without regard to any building restrictions incorporated in the deeds. Plaintiffs filed their petition herein on July 29, 1950; temporary restraining order was granted August 3, 1950, to be effective until August 10th, 1950, to which the cause was continued for further proceedings.

There was no credible evidence tending to show that the restrictions had been disregarded to such a substantial extent as to indicate acquiescence on the part of the plaintiffs and the other lot owners. In his opinion, the trial court states that he inspected the property complained of and noted that similar type of buildings are situated in the immediate neighborhood. We regard this statement as insufficient to substantiate defendants' claim as set forth in her answer that the restrictions have been violated in numerous instances.

The lot in question is a corner lot on the edge of the allotment and abuts upon a mud road. The property across the road is a large unimproved field. The rear of defendants' lot is across the street from plaintiffs' property. The side of the street upon which plaintiffs' home is located is improved with modest but well-kept homes. Photographs show that defendants' house is somewhat unsightly and to be of a sufficient vintage to have lightning rods. Defendant testified that her plans included the shingling of the outside of the house by way of improvement. The architects drawing and plans were offered as Exhibits but are not a part of the Bill of Exceptions. There was no evidence of actual damage to be suffered by plaintiffs.

In its memorandum denying the injunction, the common pleas court found that there was no over-all plan as to the restriction pursuant to which all of the original property owners or their successors in title were bound to abide. The court apparently overlooked the fact that there was admitted in evidence a copy of the original recorded plat, the restrictions relating thereto and the defendant's Torrens Certificate of Title reciting that defendant is the owner in fee simple of the lot in question subject to the restrictions contained in the original agreements between the predecessor owners and also subject to the nineteen specified restrictions set forth in the certificate.

The court also held that the permit to move the house to the lot and the absence of any zoning restrictions relating to its erection weighed the equities in favor of the defendant, and that property owners should be vigilant in requiring that protective reasonable restrictions according to law and

changing times and circumstances be enacted by local law. The enforcement of appropriate building restrictions incorporated in dedications and deeds antedate zoning regulations by a number of years.

Stines v. Dorman (1874), 25 Oh St 580 and cases cited on page 583.

It is well settled in Ohio that a court of equity will enforce the observance of valid restrictive covenants as to the use of property which run with the land, where the grantee has notice of such covenants. Grant v. Hickok Oil Co. 84 Oh Ap 509 and cases cited on page 513. But it is not essential to the right of a plaintiff to have such restrictive covenant enforced in equity that the same should be technically speaking a covenant running with the land of the defendant in a case where the defendant has actual or constructive notice of the restriction. Brown v. Huber, 80 Oh St 183, 201.

In the instant case, the defendant had notice of the restriction in her certificate of title as previously indicated. There is no evidence of any actual damage which the plaintiffs and other lot owners might suffer as a result of the erection of defendants' building, but proof of actual damage is not required as a basis for granting relief. The nature of the damages is such as not to be susceptible of proper assessment by the trier of the facts. Stines v. Dorman, 25 Oh St 580.

In Brown v. Huber supra, there was likewise no finding that the contemplated improvement would appreciably injure or damage the property of the plaintiff, but the Supreme Court directed the issuance of the injunction. See also: Dales v. Albrecht, 11 Oh Ap 368.

Inasmuch as plaintiff elected to appeal on questions of law rather than law and fact, the judgment of the common pleas court is reversed and the cause remanded for further proceedings in accordance with this opinion and without prejudice, upon a retrial to the right of defendants to submit evidence tending to show substantial abandonment of the restrictions or an acquiescence therein on the part of the several owners of the lots and such other matters of defense as may be germane to the issues.

Judgment reversed and cause remanded. Exc. Order see journal.

CARPENTER, PJ, CONN, J, concur.