GOBEL, D. B. A. GOBEL EMPLOYMENT CONSULTANTS, APPELLANT, *v.*
LAING, APPELLEE.

[Cite as Gobel v. Laing, 12 Ohio App. 2d 93.]

(No. 8673—Decided November 14, 1967.)

Messrs. *Lucas, Prendergast, Albright & Warren* and *Mr. Rankin M. Gibson*, for appellant.

*Mr. William J. Lohr* and *Messrs. Frick & Voltolini*, for appellee.

DUFFEY, P. J. This is an appeal on questions of law only from a judgment of the trial court dismissing appellant's petition.

Appellant is engaged in the business of a private employment agency. Appellee is a former employee who is now employed by a competitor of appellant. Appellant filed her petition alleging that appellee had breached a noncompetition agreement entered into with appellant while appellee was her employee. A temporary injunction was issued and later dissolved. Upon submission on the merits, the court refused relief. The entry states in part:

"The court, being fully informed in the premises, finds that the manner of operation of plaintiff's business is not unusual, unique or original, and that the type of work defendant was required to perform did not involve trade secrets of the plaintiff, nor confidential information obtained by defendant while employed by plaintiff; that there was no showing that defendant diverted business from the plaintiff, nor influenced any of plaintiff's clients to leave plaintiff; that Section 8 of the employment contract is indefinite as to duration and Section 9 of the contract is a restraint of trade and void as against the public policy under the facts as disclosed by the evidence in this case."

The first assignment of error is that the court erred in hearing evidence going to the merits in a hearing on the motion to dissolve.

The purpose of a temporary injunction is to preserve and protect the ability of the court to provide an effective judgment on the merits. It is not intended as a remedy for the litigant. Rather, it is a necessary adjunct to the administration of justice, intended as a means of preserving the court's ability to grant effective, meaningful relief after a determination of the merits.

A number of factors particularly bear on the issuance of a temporary injunction. The primary question is the effect of failure to give temporary relief upon the court's ability to give any effective ultimate relief to the applicant if that party were to prevail. Assuming a need to protect the court's jurisdiction and authority, the second question is whether the relative hardship as between the parties warrants such relief. In that sense, the merits of the case are irrelevant. No court should deny a litigant an opportunity to an effective remedy by determining that he should not obtain relief before the litigant is accorded a fair hearing on the merits of his case.

However, the merits are tangentially relevant to a determination of the need for interlocutory action and to a determination of the relative hardship. We see nothing in the record to indicate that the trial court was interested in the appellant's right to ultimate relief, as opposed to attempting to satisfy itself of the need to continue the temporary injunction in the light of the relative hardship. We note that to prohibit a man from continuing his employment, upon which his livelihood depends, is a most drastic and terrible thing. It ought not to be done by temporary injunction, and therefore necessarily before a hearing on the merits, unless the harm to the plaintiff is most plain and most serious. It appears to us that this was the concern of the trial court.

The second assignment is that the court erred in finding paragraph nine of the contract to be void. This provision prohibits appellee from engaging in any capacity in private employment agency work within 50 miles of Columbus, Ohio, and for a two-year period after termination of her employment by appellant.

It is true that such noncompetition contracts in the private employment agency business have often been enforced. Extensive research by the court indicates that in most of the cases, especially trial court decisions, consideration was given almost entirely to the time and space limitations. However, the reasonableness of such a contractual restraint on competition also depends on the nature of the particular business. In that regard, each case must be governed by its peculiar facts. *Briggs* v. *But-*

*ler* (1942), 140 Ohio St. 499; *Extine* v. *Williamson Midwest, Inc.* (1964), 176 Ohio St. 403; *E. P. I. of Cleveland* v. *Basler* (1967), 12 Ohio App. 2d 16.

The evidence of record is sufficient to substantiate the court's findings that the type of work did not involve trade secrets or confidential information, and that appellant had not established that appellee diverted business or influenced any of appellant's clients. In that connection, appellant herself testified that she did not feel that there was any other agency which was in effective competition with her agency, and that hers stood out alone in the community.

Upon the record, the court was entitled to find that, regardless of the validity of such noncompetition contracts in the field of private employment agencies in general, the contract as applied to these parties in the context of the business conditions shown by the evidence was unreasonable and not enforceable.

In the third assignment appellant complains of the court's refusal to enforce paragraph eight of the contract. That provision purports to prohibit appellee from disclosing at any time to any person the business methods or the addresses of clients, etc. There is no limitation as to either space or time.

Unreasonable restraints within a noncompetition provision may be taken out under the so-called "blue pencil" doctrine. *Extine* v. *Williamson Midwest, Inc.* (1964), 176 Ohio St. 403. However, a court is not entitled to use a blue pencil to add to the contract limitations not found in the contract. In our opinion, the provision is unreasonable, and this court is not entitled to make it reasonable by imposing limits as to space or time.

The judgment of the Common Pleas Court will be affirmed.

*Judgment affirmed.*

TROOP and HERBERT, JJ., concur.