37 F.3d 1505
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jonathan LAMONS, Plaintiff-Appellant,
v.
C.O. WALSH; C.O. Bates, et al., Defendants-Appellees.
 No. 93-17339.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1994.*
Decided Sept. 27, 1994.
 
 Before: SNEED, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jonathan Lamons, a California state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. Sec. 1983 action. Lamons contends that his constitutional rights were violated when prison officials retaliated against him for filing an inmate grievance by removing him from his prison job and conspiring to place him in segregation. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Tipton v. University of Haw., 15 F.3d 922, 925 (9th Cir.1994), and affirm.
 
 
 3
 Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows that no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law. Id. There is no genuine issue for trial where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).
 
 
 4
 The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). This burden may be discharged by showing that there is "an absence of evidence to support the nonmoving party's case." Id. at 325. When the moving party carries this burden, Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Maffei v. Northern Ins. Co., 12 F.3d 892, 899 (9th Cir.1993).
 
 
 5
 To establish liability under section 1983, the plaintiff must demonstrate that defendants, acting under color of state law, deprived him of a right secured by the Constitution or federal law. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988). In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Id. at 623.
 
 
 6
 In his complaint, Lamons alleged that Correctional Officer ("C.O.") Walsh, his former supervisor in a prison job, had him removed from the job in retaliation for Lamons' successful filing of an inmate grievance against Walsh. Lamons further alleged that his Block Officer, C.O. Bates, conspired with Walsh to have Lamons improperly "confined to quarters" for a period of eleven days. Upon the defendants' motion for summary judgment, the district court concluded that Lamons was unable to show that defendants conspired or retaliated against him for the exercise of any protected constitutional right. We agree.
 
 
 7
 * Retaliation
 
 
 8
 To support a claim of retaliation under section 1983, a prisoner must allege that (1) prison officials retaliated against him for exercising his constitutional rights, and (2) the retaliatory action does not advance legitimate goals of the correctional institution or is not narrowly tailored to achieve those goals. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985).
 
 
 9
 Here, Lamons received a disciplinary rules write-up from Walsh after he reported late for his job on the yard crew without an excuse. Walsh also asked that Lamons be assigned a different job. Lamons was provided a hearing before a prison classification committee, which removed Lamons from his prison job after he admitted he had arrived at work late without an excuse. C.O. Walsh was not a member of the committee, but was questioned by Lamons during the hearing regarding whether Walsh had written the disciplinary report in retaliation for Lamons' prior inmate grievance against Walsh.
 
 
 10
 Lamons now contends that there is a genuine issue of material fact regarding how late he was for work, and whether removal from his yard crew job was a proper sanction for lateness. These contentions, however, challenge issues raised before the classification committee, and do not relate to Lamons' claim of retaliation by C.O. Walsh. As the district court concluded, Lamons has not shown that prison officials retaliated against him, and presents no evidence that the prison officials' actions in removing him from his prison job did not advance legitimate penological goals. See id. Lamons' bare allegations do not suffice to establish a retaliation claim and withstand summary judgment on this issue. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988) (sweeping conclusory allegations will not suffice to prevent summary judgment).
 
 II
 Conspiracy to Segregate
 
 11
 Lamons contends that after he was late for his yard crew job, C.O. Walsh conspired with C.O. Bates to have Lamons improperly confined to quarters for a period of eleven days, in violation of his constitutional rights. This contention lacks merit.
 
 
 12
 Prisoners do not have a liberty interest in remaining within the general prison population under the Due Process Clause. See Hewitt v. Helms, 459 U.S. 460, 468 (1983). California state law, however, provides that prisoners who are placed in administrative segregation must be provided with an informal, nonadversarial review of the information supporting the administrative confinement within a reasonable time after confinement. Toussaint v. McCarthy, 801 F.2d 1080, 1097-99 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987).
 
 
 13
 Lamons concedes he was provided with a hearing. This informal, nonadversarial review is all that is necessary to comport with the minimal due process required after placement in segregation. See Hewitt, 459 U.S. at 472; Toussaint, 801 F.2d at 1099. During his hearing, Lamons admitted he was guilty of the rules violation.
 
 
 14
 Lamons contends, however, that summary judgment was improper because there is a factual dispute regarding whether he was in fact "confined to quarters" or, as defendants assert, on "S" status, prior to his hearing. Lamons notes that he presented evidence that one prison official, Sergeant Brandt, confirmed that Lamons was confined to quarters. Even viewing this evidence in the light most favorable to Lamons, however, it is not sufficient to raise a genuine issue of material fact when viewed in the context of the remainder of the evidence presented to the district court. "The mere existence of a scintilla of evidence in support of the plaintiff's position is insufficient to survive summary judgment; there must be evidence on which the fact finder could reasonably find for the plaintiff." Walker v. Sumner, 14 F.3d 1415, 1421 (9th Cir.1994) (quotation and alteration omitted).
 
 
 15
 Here, the issue whether Lamons was "confined to quarters" or on "S" status does not create a material issue of fact sufficient to defeat summary judgment for defendants because Lamons could be segregated in his cell pending his disciplinary hearing, Lamons was given a hearing, and Lamons has failed to present any evidence of a conspiracy between C.O. Walsh and C.O. Bates. Maffei, 12 F.3d at 899. Therefore, the district court did not err by granting summary judgment on this claim. See id.
 
 III
 Opportunity to Conduct Discovery
 
 16
 Finally, Lamons contends that the district court erred by granting defendants' motion for summary judgment without providing him sufficient opportunity to conduct discovery. Lamons states that he prepared interrogatories for the defendants but was not provided the opportunity in district court to serve them upon defendants. This contention lacks merit.
 
 
 17
 The record indicates that the district court provided Lamons with notice of the requirements for summary judgment rulings under Fed.R.Civ.P. 56 pursuant to Klingele v. Eikenberry, 849 F.2d 409, 411-412 (9th Cir.1988). Lamons was told that to avoid summary judgment, he should present evidence in the form of declarations or statements obtained from the defendants. Lamons submitted his affidavit and exhibits in opposition to the defendant's motion. Lamons' affidavit mentions other witnesses, but Lamons did not provide their statements. Lamons did not seek an extension of time from the district court in order to conduct discovery, although he did obtain an extension of time to submit his opposition to the defendants' motion.
 
 
 18
 The district court, after reviewing the entire record, found that Lamons failed to come forward with evidence sufficient to establish the existence of the elements essential to his case. Although we generally disfavor summary judgment if relevant evidence remains to be discovered, the burden is on the nonmoving party to show what material facts would be discovered which would preclude summary judgment. See id. at 412. Here, while Lamons contends a number of facts are disputed, he does not indicate what evidence he could have obtained which would have enabled him to withstand summary judgment. See id. Moreover, under Rule 56(f), if essential facts needed to support an opposition to a summary judgment motion are unavailable at the time the motion for summary judgment is filed, "the court may ... order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had." Fed.R.Civ.P. 56(f). The opposing party "must, however, invoke rule 56(f) by submitting affidavits that indicate why he cannot then present facts essential to justify his opposition to summary judgment." Carpenter v. Universal Star Shipping, S.A., 924 F.2d 1539, 1547 (9th Cir.1991), cert. denied, 113 S.Ct. 413 (1992). Thus, because Lamons did not demonstrate the existence of any genuine issues of material fact, and never requested a continuance in order to conduct discovery, the district court did not err by granting summary judgment before Lamons served interrogatories upon the defendants. See id.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3