JOHNSON, Appellant,

v.

MORRIS et al., Appellees.

[Cite as *Johnson v. Morris* (1995), 108 Ohio App.3d 343.]

Court of Appeals of Ohio,
Fourth District, Ross County.

No. 95CA2108.

Decided Dec. 20, 1995.

*Willard E. Johnson, pro se.*

*Betty D. Montgomery,* Attorney General, and *Todd R. Marti,* Assistant Attorney General, for appellees.

HARSHA, Judge.

Willard E. Johnson appeals from a judgment of the Ross County Court of Common Pleas which granted appellees' motion for summary judgment. He raises the following assignments of error for our review:

I. "The trial court erred to the prejudice of plaintiff-appellant by granting defendants-appellees' motion for summary judgment were [*sic*] there existed genuine issues of material facts in dispute."

II. "The trial court erred to the prejudice of plaintiff-appellant in denying his motion for preliminary injunctive relief without first conducting an evidentiary hearing."

III. "The trial court erred to the prejudice of plaintiff-appellant by accepting heresay [*sic*] over objection and by failing to apply the law of the case doctrine in granting the motion for summary judgment."

IV. "The trial court erred to the prejudice of plaintiff-appellant and abused its discretion when it denied the motion of appellant for appointment of counsel."

Willard E. Johnson, prior to being transferred to the Ross Correctional Institute, was an inmate at the Chillicothe Correctional Institute. While at the Chillicothe Correctional Institute ("CCI"), appellant was a cook in the a la carte line of the officers' dining room until the line was closed down in January 1993. At that time, appellant was assigned to a new position as a clerk/typist within the kitchen operation. On July 16, 1993, appellant filed a complaint pursuant to Section 1983, Title 42, U.S.Code, alleging that appellees had retaliated against him because of his previously filed lawsuits and grievances by not returning him to his previous position of cook when the a la carte line was reopened. On September 13, 1993, the trial court dismissed appellant's complaint and appellant appealed to this court. We held that appellant's complaint stated a cause of action based upon his right to be free from retaliation for the exercise of his First and Fourteenth Amendment rights. See *Johnson v. Morris* (Mar. 21, 1994), Ross App. No. 93CA1981, unreported, 1994 WL 111327.

In the interim, on August 2, 1993, appellant was transferred from CCI to Ross Correctional Institute ("RCI"). The transfer occurred after appellant allegedly typed two letters for employees of CCI regarding certain staffing problems and security problems in the food service area. On October 22, 1993, appellant filed his second complaint pursuant to Section 1983, Title 42, U.S.Code, claiming that he was transferred to RCI in retaliation for his lawsuits previously filed against appellees and CCI.

Appellant filed three motions for preliminary injunctions seeking reinstatement to his position as cook of the a la carte line and transfer back to CCI. Appellant

requested an evidentiary hearing on all three motions, but the trial court denied his requests. Subsequently, the trial court denied all three motions for injunctive relief. Appellant filed an appeal from one of the denials of injunctive relief; however, we dismissed appellant's appeal for lack of a final appealable order. See *Johnson v. Overberg* (May 11, 1994), Ross App. No. 94CA2002, unreported.

On May 6, 1994, the trial court consolidated appellant's two complaints. Appellees then filed a motion for summary judgment, which the trial court granted on April 5, 1995, finding that there was no genuine issue of material fact and that appellees were entitled to judgment as a matter of law. Appellant appeals this judgment entry.

■ Initially, we will review appellant's third assignment of error due to its procedural nature. Appellant argues that appellees' motion for summary judgment should not have been granted because the trial court accepted an affidavit based upon hearsay over objection and failed to apply the law of the case doctrine. We will first address the issue of the affidavit. Appellant contends that the affidavit of appellee Branson is hearsay and, therefore, it was prejudicial error for the trial court not to strike it. Civ.R. 56 sets forth the standards regarding the admissibility of affidavits submitted in either support of or opposition to summary judgment. According to Civ.R. 56(E), affidavits must be based on personal knowledge, must set forth facts that would be admissible in evidence and must show that the affiant is competent to testify. Thus, for the purposes of summary judgment, affidavits based on hearsay are not admissible.

■ After reviewing the affidavit of appellee Branson, we hold that paragraphs three and six are not based on personal knowledge as required by Civ.R. 56(E) because Branson was not yet the acting food manager when the a la carte line of the officers' dining room was closed. Also, since Branson was not responsible for appellant's job change, he cannot testify as to whether that decision was or was not influenced by any lawsuits or grievances that appellant had pursued. Therefore, paragraphs three and six must be stricken from the affidavit. Paragraph five of Branson's affidavit also does not meet the requirements of Civ.R. 56(E). Affidavits shall set forth facts admissible in evidence; however, paragraph five of appellee's affidavit sets forth an opinion, which is not admissible and must be stricken from the affidavit. We review motions for summary judgment on a *de novo* basis. Accordingly, we will follow the standard set forth in Civ.R. 56(E) and not consider paragraphs three, five and six of appellee Branson's affidavit in our disposition of appellees' motion for summary judgment. See our analysis of appellant's first assignment of error which follows.

■ Next, we must address appellant's contention that the trial court failed to apply the law-of-the-case doctrine. *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3,

11 OBR 1, 2–3, 462 N.E.2d 410, 412, describes this doctrine and states that "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." The doctrine is considered a rule of practice rather than a rule of substantive law and will not be applied to achieve unjust results. *Id.* Thus, when subsequent proceedings involve different legal issues or different evidentiary records, the doctrine does not apply. *Stemen v. Shibley* (1982), 11 Ohio App.3d 263, 266, 11 OBR 441, 445–446, 465 N.E.2d 460, 464–465.

Appellant previously filed an appeal from the trial court's judgment granting appellees' motion to dismiss his complaint for failure to state a claim. On appeal, this court reversed the trial court, finding that appellant had stated a cause of action based upon his right to be free from retaliation for the exercise of his First and Fourteenth Amendment rights. *Johnson v. Morris* (Mar. 21, 1994), Ross App. No. 93CA1981, unreported, 1994 WL 111327. We emphasized in our opinion that in reviewing a Civ.R. 12(B)(6) motion, we are obligated to presume the truth of all facts alleged in the complaint. That same standard does not apply in ruling on motions for summary judgment, where the court looks at all of the evidence and stipulations and determines whether reasonable minds can come to but one conclusion, which is adverse to the party against whom the motion is made. Also, in our opinion on appellant's previous appeal, we explicitly stated that our decision did not express any view on the merits of appellant's complaint, but only expressed our view that the Civ.R. 12(B)(6) dismissal was improper. Thus, our previous ruling on appeal was that a claim of retaliation was properly stated, which remains the law of the case. However, our judgment did not address the question of whether the evidence presented established a genuine issue of material fact, nor did we determine any other legal issues regarding the merits of this case. Therefore, the law-of-the-case doctrine does not preclude summary judgment in this case. Accordingly, appellant's third assignment of error is overruled.

Appellant's first assignment of error contends that appellees' motion for summary judgment should not have been granted because there existed genuine issues of material fact. In reviewing a motion for summary judgment, the lower court and the appellate court utilize the same standard, *i.e.*, we review the judgment independently and without deference to the trial court's determination. *Midwest Specialties, Inc. v. Firestone Co.* (1988), 42 Ohio App.3d 6, 8, 536 N.E.2d 411, 413–414. Summary judgment is appropriate when the following have been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party

being entitled to have the evidence construed most strongly in its favor. *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 883–884; cf., also, *State ex rel. Coulverson v. Ohio Adult Parole Auth.* (1991), 62 Ohio St.3d 12, 14, 577 N.E.2d 352, 353–354; Civ.R. 56(C). The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting summary judgment. *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801–802. Additionally, a motion for summary judgment forces the nonmoving party to produce evidence on any issue for which (1) that party bears the burden of production at trial, and (2) for which the moving party has met its initial burden. See *Stewart v. B.F. Goodrich Co.* (1993), 89 Ohio App.3d 35, 623 N.E.2d 591, and *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus.

In his complaint, appellant asserted that the decision to deny him reinstatement to his previous position on the a la carte line in the officers' dining room and the decision to transfer him to RCI were made in retaliation for his previous and ongoing lawsuits and grievances. While appellant's complaint need only allege a chronology of events from which retaliation may be inferred to state a cause of action, *Black v. Lane* (C.A.1, 1994), 22 F.3d 1395, 1396, the issue here is whether appellees are entitled to summary judgment on appellant's claims of retaliation because there is no genuine issue of material fact.

To establish a claim of retaliation under Section 1983, Title 42, U.S.Code, a prisoner must allege that prison officials retaliated against him for exercising his constitutional rights, and that the retaliatory conduct does not advance legitimate penological goals or is not narrowly tailored to achieve those goals. *Lamons v. Walsh* (Sept. 20, 1994), C.A.9 No. 93–17339, unreported, 1994 WL 526206. Clearly, appellant would bear the burden of proving each of the elements of a retaliation claim at trial. Appellees met their initial burden concerning the existence of a genuine issue of material fact by arguing that appellant was not reinstated and was transferred for legitimate penological reasons. See *Mitseff* and *Stewart, supra.* Accordingly, their summary judgment motion must be granted unless appellant produces evidence that, but for his filing of lawsuits and grievances, he would have been reinstated and would not have been transferred. *Wing, supra.* See, also, *Mt. Healthy City School Dist. Bd. of Edn. v. Doyle* (1977), 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471.

Appellant admitted in his affidavit that he was removed from cook of the a la carte line because the line was closed down and his job was eliminated. Furthermore, appellees set forth legitimate reasons for their conduct in their affidavits. Appellee Branson stated in his affidavit that appellant was not reinstated as a cook for the a la carte line when it reopened because his services

were not needed since it was staffed by inmates who were working in the remaining operations of the officers' dining room; further, appellant was still suspected of being involved in the misappropriation of food. In his opposing affidavit, appellant did not offer enough sufficient, admissible evidence to contradict appellee Branson's statement, other than the timing of his complaints and grievances to his not being reinstated. However, "the mere chronology alleged in the complaint, while sufficient to withstand a motion to dismiss, cannot get plaintiff to the jury once defendants have produced evidence of a legitimate reason." *Layne v. Vinzant* (C.A.1, 1981), 657 F.2d 468, 476. Thus, appellant failed to meet his burden on summary judgment as to being reinstated in his position.

With regard to appellant's transfer to RCI, appellee Morris stated in his affidavit that he requested that appellant be transferred because appellant, in his capacity as clerk-typist, had typed two interoffice communications which made appellant privy to security problems. In Morris's opinion, knowledge of this information could potentially increase violence in the food service area, make the area more vulnerable to inmate takeovers, and increase the probability of theft of food and dangerous utensils. Also, appellee Morris stated that his investigation of whether appellant typed the communications was very controversial and polarized inmates and staff at CCI and, therefore, he believed that appellant's further presence at CCI would only aggravate the situation and possibly cause danger to appellant. Again, the only evidence appellant advanced against the penological reason expressed by Morris was that his transfer occurred in close proximity to an appeal on his reinstatement complaint and after he had filed other grievances with CCI. In a Section 1983 claim of retaliation, the plaintiff carries a substantial burden to prove that the actual motivating factor for his transfer was the retaliation. *McDonald v. Hall* (C.A. 1, 1979), 610 F.2d 16, 18. "Plaintiff must prove that he would not have been transferred 'but for' the alleged reason. Moreover, the requirement of a 'but for' showing together with the wide latitude afforded prison officials in ordering transfers may make summary judgment particularly appropriate." (Citation omitted.) *Id.* at 18–19. See, also, *Mt. Healthy City School Dist. Bd. of Edn., supra.* Thus, we hold that appellant did not establish the elements for which he bears the burden at trial. We find that there was no genuine issue as to any material fact and that appellees are entitled to judgment as a matter of law. Appellant's first assignment of error is meritless.

In appellant's second assignment of error, he asserts that the trial court erred to his prejudice by not first conducting an evidentiary hearing prior to denying his motions for a preliminary injunction. The decision whether to grant or deny an injunction rests within the sound discretion of the trial court.

*Perkins v. Quaker City* (1956), 165 Ohio St. 120, 59 O.O. 151, 133 N.E.2d 595. The decision of the trial court will not be reversed absent an abuse of discretion. The term "abuse of discretion" implies that the court's ruling was "unreasonable, arbitrary, or unconscionable." *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149. Therefore, to find an abuse of discretion, we must find that the trial court committed more than an error of judgment. When applying the abuse of discretion standard, a reviewing court is not free merely to substitute its judgment for that of the trial court. *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 566 N.E.2d 1181, citing *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 559 N.E.2d 1301.

Although an evidentiary hearing is not specifically required by Civ.R. 65, the language of the rule strongly suggests that an evidentiary hearing will be held prior to ruling on a preliminary injunction motion. The Staff Notes following Civ.R. 65 also allude to the fact that an evidentiary hearing will be held. Because the rule speaks of a hearing on a preliminary injunction, courts in Ohio have held that such a hearing is mandatory. See *Sea Lakes, Inc. v. Sea Lakes Camping, Inc.* (1992), 78 Ohio App.3d 472, 476, 605 N.E.2d 422, 424–425; *Security First Group, Inc. v. Smith* (Feb. 13, 1990), Franklin App. No. 89AP–176, unreported, 1990 WL 12390.

We agree with the decisions of these appellate courts that the trial court must first conduct an evidentiary hearing on a preliminary injunction motion. In this case, appellant specifically asked the court to conduct a full evidentiary hearing in court on all three of his preliminary injunction motions. The trial court set appellant's motions for nonoral hearings, failing to provide appellant full evidentiary hearings on the matter. Thus, we find that the trial court abused its discretion in denying appellant's motions.

However, the judgment of the trial court will not be reversed if the error was harmless. Civ.R. 61 requires each court at every stage in the proceedings to disregard any error or defect which does not affect the substantial rights of the parties. We find that the trial court's error in not conducting an evidentiary hearing on the preliminary injunction motions does not affect the substantial right of the appellant because he was never entitled to a preliminary injunction. In ruling on a motion for a preliminary injunction, the court must consider whether (1) the movant has shown a strong or substantial likelihood or probability of success on the merits, (2) the movant has shown irreparable injury, (3) the preliminary injunction could harm third parties, and (4) the public interest would be served by issuing the preliminary injunction. *Gobel v. Laing* (1967), 12 Ohio App.2d 93, 41 O.O.2d 175, 231 N.E.2d 341; *Frisch's Restaurant, Inc. v. Shoney's, Inc.* (C.A.6, 1985), 759 F.2d 1261, 1263. See, also, *Goodall v. Crofton* (1877), 33 Ohio St. 271. Because summary judgment was properly granted

against appellant on his underlying claims, he would not have been able to establish a high probability of success on his claims. Essentially, the trial court found his claims to be meritless. Since summary judgment was properly granted against appellant, he cannot show irreparable injury or how the public interest would have been served by issuing the injunction. Thus, any error by the trial court in failing to conduct a full evidentiary hearing is harmless. Accordingly, appellant's second assignment of error is overruled.

■ Finally, we must consider appellant's fourth assignment of error that the trial court abused its discretion when it denied appellant's motion for appointment of counsel. In his motion for appointment of counsel, appellant argued that because his claim was brought under Section 1983, Title 42, U.S.Code, the trial court had the discretion to appoint him counsel pursuant to Section 1988, Title 42, U.S.Code. Section 1988 permits a court, in its discretion, to allow the prevailing party a reasonable attorney fee as part of the costs in any action or proceeding to enforce a provision of Section 1983.

■ Appellant requested representation in his civil case of retaliation by prison officials. The Sixth Amendment right to counsel does not extend to civil cases.[1] Therefore, appellant does not have a constitutional right to be represented by counsel in this instance. However, appellant claims that pursuant to statute, the court can appoint him counsel. We agree that the court has the authority to award legal fees under Section 1988, Title 42, U.S.Code, but this section does not authorize appointing legal counsel. The statute only permits the court to award attorney fees to the prevailing party, which the appellant here was not. Accordingly, appellant's fourth assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

PETER B. ABELE, P.J., and STEPHENSON, J., concur.

---

1. The Sixth Amendment provides:

"In all *criminal prosecutions* the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have *the assistance of counsel for his defense.*" (Emphasis added.)