DECISION
This matter involves a case from the Small Claims Division of Middletown Municipal Court which plaintiff-appellant, Wanda Jean Whitaker, filed against defendant-appellee, Middletown Police Department after police transported her to Middletown Regional Hospital against her will. Appellant appeals the dismissal of her complaint with prejudice.
Appellant's first assignment of error claims that:
 THE MUNICIPAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY NOT ISSUING HER AN ATTORNEY TO PROTECT HER LEGAL RIGHTS.
In this assignment, appellant argues that the magistrate should have appointed counsel to represent her in her small claims action against appellee. Appellant's belief is that since the court would provide counsel to an individual facing criminal charges, it should likewise appoint counsel to represent appellant in the case at bar. We disagree.
The Sixth Amendment right to counsel does not extend to civil cases. Johnson v. Morris (1995), 108 Ohio App.3d 343. Furthermore, there is no constitutional requirement for the appointment of counsel in civil matters between private litigants. Roth v. Roth (1989), 65 Ohio App.3d 768, 776. There being no basis for the mandatory appointment of counsel in a small claims case, we find no error in the trial court's failure to appoint counsel to represent appellant in the case at bar. The first assignment of error is overruled.
Appellant's second assignment of error reads as follows:
 THE MUNICIPAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT BY NOT GIVING HER ENOUGH TIME FOR HER TO RESPOND TO THE JUDGE'S REQUEST FOR HER TO CROSS-EXAMINE THE DEFENDANTS AND THUS I SHOULD OF [sic] WENT AHEAD AND ASKED FOR THEM TO BE PUT ON WITNESS STAND TO BE CROSS-EXAMINED.
In this assignment, appellant claims she was not given sufficient time to cross-examine three Middletown police officers whose conduct formed the basis of her complaint. Appellant did not cross-examine the officers because "none of the three police officers in court looked familiar."
The cross-examination of witnesses is governed by the rules of evidence. Evid.R. 611. However, the rules of evidence do not apply in small claim cases. Turner v. Sinha (1989), 65 Ohio App.3d 30. Nevertheless, the magistrate provided appellant full opportunity to cross-examine appellee's witnesses. That she chose not to do so cannot be construed as reversible error.
Having found no prejudice to appellant, the second assignment of error is overruled.
The trial court's judgment is hereby affirmed.
YOUNG, P.J., WALSH and POWELL, JJ., concur.