OPINION
Plaintiff-appellant Cavanaugh Building Corp. ("appellant") appeals from the order of the trial court denying appellant's request for injunctive relief. Appellant also appeals from the trial court's order entering judgment in favor of defendant-appellee Board of Cuyahoga County Commissioners ("the County") on appellant's claim for monetary damages. Appellant assigns the following errors for our review:
 I. THE TRIAL COURT ERRED BY REFUSING TO SET A HEARING ON PLAINTIFF'S-APPELLANT'S [SIC] REQUEST FOR INJUNCTIVE RELIEF.
 II. THE TRIAL COURT ERRED BY NOT AWARDING JUDGMENT AND DAMAGES IN FAVOR OF PLAINTIFF-APPELLANT WHEN THE COURT HELD THAT "NOTHING IN THE BID DOCUMENTS STATE THAT ORIGINAL SIGNATURES ARE REQUIRED AND FACSIMILE SIGNATURES ARE UNACCEPTABLE" (emphasis in original), THEREBY FINDING THAT "UNANNOUNCED CRITERIA" WERE USED BY THE DEFENDANT-APPELLEE IN DETERMINING THE LOWEST AND BEST BID.
 III. THE TRIAL COURT ERRED BY NOT AWARDING JUDGMENT AND DAMAGES IN FAVOR OF PLAINTIFF-APPELLANT AS PLAINTIFF-APPELLANT'S BID WAS PROPER AS A MATTER OF LAW.
For the following reasons, we reject appellant's assignments of error and affirm the judgment of the trial court.
 I.
On June 15, 1997, the County approved by resolution funding for the "Youth Development Center site improvements" construction project. The County advertised for bids on the construction project; pursuant to the bidding instructions, the County would award the contract to "THE LOWEST, RESPONSIBLE AND BEST BIDDER."
Four businesses submitted bids on the project to the County: (1) appellant; (2) Conservation of Energy, Inc.; (3) Precision Design and Construction; and (4) F. Buddie Contracting Ltd. Precision Design withdrew its bid and the County deemed F. Buddie's bid nonresponsive.
On August 8, 1997, appellant timely submitted its bid in the amount of $418,000.00. Conservation of Energy ("COE") submitted a bid on the project in the amount of $419,000.00. Notwithstanding, the County awarded the contract to COE by resolution on September 2, 1997.
To determine the lowest and best bid, the County included a factoring system for Minority Business Enterprises ("MBE") and Women Business Enterprises ("WBE"). The County did not credit appellant with MBE and WBE participation because appellant submitted facsimile copies of the signatures of its MBE and WBE subcontractors.
Appellant has insisted throughout that the County's rejection of facsimile signatures constituted an "unannounced criteria" and, therefore, appellant should have been awarded the contract. On September 18, 1997, appellant filed a four-count verified complaint for injunctive and declaratory relief against the County. On September 26, 1997, the trial court denied appellant's request for injunctive relief as averred in counts one and four of the complaint.
On September 27, 1998, the trial court commenced a bench trial on the remaining counts of appellant's complaint; counts two and three of the complaint sought declaratory judgment, in effect, awarding the bid to appellant. The trial concluded on September 29, 1998. In a journal entry filed on November 6, 1998, the trial court found for the County on counts two and three of appellant's complaint. On November 27, 1998, appellant instituted this appeal.
 II.
In its first assignment of error, appellant asserts that the trial court erred in denying its request for a preliminary injunction without first conducting an evidentiary hearing.
"The issue whether to grant or deny an injunction is a matter solely within the discretion of the trial court and a reviewing court will not disturb the judgment of the trial court in the absence of a clear abuse of discretion." Danis Clarkco LandfillCo. v. Clark Cty. Solid Waste Mgt. Dist. (1995), 73 Ohio St.3d 590, paragraph three of the syllabus. The term "abuse of discretion" connotes more than an error of law or judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the trial court. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
Although an evidentiary hearing is not expressly required by Civ.R. 65, see Johnson v. Morris (1995), 108 Ohio App.3d 343, 352, it is customary to hold a hearing before granting or denying a request for injunctive relief. Cleveland v. K.O. Drugs BoxingAcademy (Nov. 19, 1998), Cuyahoga App. No. 74681, unreported. This court has held that a hearing on a motion for preliminary injunction is necessary. K.O. Drugs Boxing Academy, supra. AccordSea Lakes, Inc. v. Sea Lakes Camping, Inc. (1992), 78 Ohio App.3d 472,476 (Eleventh District); Johnson v. Morris, supra (Fourth District)
In Johnson, supra, the court held that the trial court abused its discretion in denying a preliminary injunction motion without first conducting a full evidentiary hearing. Id. at 352. However, the court stressed the fact that the "* * * appellant specifically asked the court to conduct a full evidentiary hearing * * *." Id.
In the instant case, the record is devoid of any indication that appellant requested a hearing on its claims for injunctive relief. In its brief, appellant insists that it "* * * repeatedly requested a hearing date but received no response from the trial court." However, statements in appellate briefs are not part of the official record; an appellate court may not consider facts extraneous to the record. See State v. Ishmail (1989),54 Ohio St.2d 402. A review of the record demonstrates that appellant failed to request a hearing in its verified complaint or any other subsequent filings with the court.
Moreover, we note that appellant failed to object to the trial court's decision denying appellant's request for injunctive relief without first conducting a hearing. Appellant failed to direct the trial court to the case law it now cites on appeal and, instead, decided to abandon its request for injunctive relief and pursue monetary damages.[1] "Under the invited error doctrine, a party will not be permitted to take advantage of an error which he himself, invited or induced the trial court to make." State v. Nievas
(1997), 121 Ohio App.3d 451, 456. Based upon the foregoing, appellant's first assignment of error is overruled.
 III.
As for its second and third assignments of error, appellant argues that it was entitled to money damages for lost profits based upon the evidence presented at trial.
Appellant raised four separate claims for relief in its verified complaint. In counts one and four, appellant sought injunctive relief; on September 26, 1997, the trial court denied appellant's requests for injunctive relief. Counts two and three requested declaratory judgment, and stated in full:
COUNT TWO
 15. Plaintiff realleges and reincorporates by reference Paragraphs 1 through 14 as though fully rewritten herein.
 16. Plaintiff is entitled to declaratory judgment by this Court declaring the purported or proposed contract between Owner and COE to be void ab initio
as violative of Ohio law.
 COUNT THREE
 17. Plaintiff realleges and reincorporates by reference Paragraphs 1 through 16 as though fully rewritten herein.
 18. Plaintiff is entitled to declaratory judgment by this Court declaring that it is the lowest, responsible and best bidder on the Project and ordering Owner to award the contract to the Plaintiff.
The County notes that appellant did not request money damages for lost profits in its complaint. In paragraph 13 of its complaint, appellant acknowledged that "* * * an award of lost profits is not an appropriate remedy to an aggrieved contractor under Ohio law."
Appellant insists that the County impliedly consented to trial on the issue of money damages pursuant to Civ.R. 15 (B). Civ.R. 15 (B) provides in part: "When issues not raised in the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."
The decision to grant or deny a Civ.R. 15 (B) motion to amend pleadings to conform to the evidence is within the sound discretion of the trial court. Northfield Park Associates v. North East OhioHarness (1987), 36 Ohio App.3d 14, 24. "[S]uch discretion will not be disturbed in the absence of a `gross abuse' by the trial court."Spisak v. McDole (1984), 15 Ohio St.3d 62, 63.
In the instant case, the trial commenced on September 27, 1998, and concluded on September 29, 1998. On September 28, 1998, the County filed a trial brief wherein it expressly noted that appellant was not entitled to monetary damages as a matter of law. In a memorandum of opinion filed on November 10, 1998, the trial court stated in part:
 Hearing was held on September 29, 1998, on the remaining counts for Declaratory Judgment. (Emphasis added.) Initially the Plaintiff sought injunctive relief against the issuance of a contract to another bidder. On September 26, 1997 after hearing, the Court denied requests for preliminary and permanent injunction. Cuyahoga County proceeded to award the contract to the next bidder (C.O.E.) Which has completed all of its work.
 No steps were taken to obtain a final order which could be appealed nor to otherwise block the granting of the contract. For all practical purposes the case was ended.
 The remaining count, to vacate and award the contract to Plaintiff, can no longer be accomplished and the other relief, that the contract should be declared void, would be meaningless.
* * *
As the above entry clearly indicates, the trial court did not treat the issue of monetary damages as if it was tried by express or implied consent of the parties. We find that the trial court's actions in this regard did not constitute an abuse of discretion.
Moreover, "[i]njunctive relief is the proper remedy for an unsuccessful bidder to bring against a contracting authority where it is alleged that a contract was unlawfully awarded to another bidder." Wilson Bennett, Inc. v. Greater Cleveland RegionalTransit Auth. (1990), 67 Ohio App.3d 812, 821. It is widely accepted that "[a]n injunction is proper only where there is no adequate remedy at law." Fodor v. First Natl. Supermarkets, Inc.
(1992), 63 Ohio St.3d 489, 491. The existence of another remedy excludes the option of injunctive relief. Fodor, at 492. "[T]he fact that injunctive relief is available generally indicates that a monetary award is not available for lost profits." HardrivesPaving Constr., Inc. v. Niles (1994), 99 Ohio App.3d 243, 247.
In Hardrives Paving, supra, the Eleventh Appellate District also addressed the relevant policy considerations:
 Furthermore, other policy considerations militate against allowing monetary damages. The intent of competitive bidding is to protect both the public and the bidders themselves. See Cedar Bay Constr., 50 Ohio St.3d at 21, 552 N.E.2d at 204-205. Thus, if we were to allow appellant to receive monetary damages, only the bidders would be protected because the public would have to pay the contract price of the successful bidder plus the lost profits of an aggrieved bidder. However, if injunction is the sole remedy, both the public and the bidders themselves are protected. Accordingly, we conclude that injunction is the only remedy available. This assignment is without merit.
Id. at 247-248.
Based upon the foregoing, the court held that an unsuccessful bidder on a government contract is not entitled to money damages for lost profits. Hardrives Paving, at 247-248. Appellant acknowledged this proposition in paragraph 13 of its verified complaint, wherein it stated "* * * an award of lost profits is not an appropriate remedy to an aggrieved contractor under Ohio law." We agree with the foregoing and now hold that money damages for lost profits is not an available remedy for an unsuccessful bidder against a contracting authority. An unsuccessful bidder is limited to injunctive relief. Accordingly, appellant's second and third assignments of error are overruled. The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue but of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, P.J. and ANNE L. KILBANE, J. CONCUR.
 _________________________________ LEO M. SPELLACY, JUDGE
[1] We note that the underlying case remained pending for approximately one year after the trial court denied appellant's request for injunctive relief. During this time, the denial of injunctive relief was "subject to revision" by the trial court pursuant to Civ.R. 54 (B).