OPINION 
{¶ 1} Although this appeal has been placed on the accelerated calendar, this court elects to issue a full opinion pursuant to Loc.R. 12(5). Plaintiff-appellant Michael Turner White ("White") brings this appeal from the judgment of the Court of Common Pleas of Allen County granting the motions to dismiss of defendants-appellees Winters Mack ("Mack"), Edwin Wayne Dunn ("Dunn"), and Amy Chambers ("Chambers").
 {¶ 2} White is currently an inmate at Lima Correctional Institution ("LCI"). On February 16, 2001, Mack was employed as a captain at LCI. Mack filed a conduct report against White for allegedly making threats against another correction officer. The Rules Infraction Board ("RIB") met to review the allegations in the report. The RIB concluded that the allegations were true and sentenced White to 13 days in segregation. White appealed this decision claiming that Mack lacked the authority to issue a conduct report. On appeal, the decision of the RIB was affirmed. This decision was also appealed and affirmed. White then filed a complaint with the trial court claiming that Mack filed the conduct report in retaliation for White's request for an informal complaint resolution.
 {¶ 3} Dunn and Chambers were also employees of LCI. On April 20, 2000, Dunn filed a conduct report against White. The report alleged that White, in an inmate grievance, had deliberately falsely accused employees of stealing paint. RBI concluded on May 2, 2000, that the allegations in the report were true and sentenced White to 5 days in segregation. White appealed this decision, but the decision was affirmed. White appealed the second decision and it also was affirmed. White then filed a complaint with the trial court claiming that the conduct report was filed against him in retaliation for his filing of a grievance.
 {¶ 4} On December 6, 2002, Mack filed a motion to dismiss. White filed a memorandum in opposition on December 17, 2003. On December 23, 2002, White filed a motion to consolidate the cases, which was granted on January 9, 2003. On January 2, 2003, Dunn and Chambers filed motions for judgment on the pleadings. On January 10, 2003, the trial court granted the motion to dismiss the cases. It is from this judgment that White appeals and raises the following assignments of error.
 The court did not resolve ther (sic) seriatim question of fact whether the defendants" (sic) conduct constitutes an egregious abuse of government power.
 The court never resolved the seriatim question of fact whether the twin path of the Fourteenth Amdt (sic) is applicable to the case sub judice and whether the plaintiff is disabled pursuant to the American Disabilities Act.
 The court never resolved the seriatim question of fact whether ar (sic) 5120-5-03(E) and DRC Policy 204.03(D)(1)(2)(3) places the plaintiff in a position of styme (sic) without due process and adequate accommodations to acces (sic) the courts.
 The court never resolved the seriatim question of fact whether the conspiracy by Great Britian (sic) against the United States of America deprives the plaintiff of access to the courts by creating an economic duress to suppress the plaintiff's financial growth and to ban the use of gold and silver as payment of a debt.
 {¶ 5} White's assignments of error are generally unrelated to any issues raised in his complaint filed with the trial court. The arguments are a rambling discourse of incoherent and unrelated sentence fragments citing to legal and historical events irrelevant to any issue properly before this court. Nevertheless, since the trial court entered judgment sustaining the motions to dismiss, we will review the trial court's ruling de novo to determine whether the allegations of the complaint or any intendments fairly drawn from them are legally sufficient to state a claim upon which relief can granted to White. Greeleyv. Miami Valley Maintenance Contractors, Inc. (1990),49 Ohio St.3d 228, 551 N.E.2d 981.
 {¶ 6} "To establish a claim of retaliation under Section 1983, Title 42, U.S. Code, a prisoner must allege that prison officials retaliated against him for exercising his constitutional rights, and that the retaliatory conduct does not advance legitimate penological goals or is not narrowly tailored to achieve those goals." Johnson v. Morris
(1995), 108 Ohio App.3d 343, 670 N.E.2d 1023. The plaintiff bears the burden of proving each element of the claim at the trial. Id. Here, White was placed on conduct report for his own actions. The defendants were advancing a legitimate function of the prison system, penalizing White for misbehavior, when they issued conduct reports. White's complaint does not allege that but for his use of the grievance procedure, he would not have been placed upon report. The complaint, which is almost as incomprehensible as the appellate brief, implies that the conduct reports were made after he had filed prior grievances. However, "[w]here disciplinary charges result in guilty findings supported by some evidence, a prisoner cannot state a claim of retaliation." Metcalf v.Veita, No. 97-1691, 1998 WL 476254 (6th Cir. Aug. 3, 1998). In this case, the judgments attached to the complaint as exhibits specify that there was "some evidence" to support the findings. Thus, White is prohibited from making a claim of retaliation and his complaint fails to state a claim upon which relief can be granted. The assignments of error are overruled.
 {¶ 7} The judgment of the Court of Common Pleas of Allen County is affirmed.
Judgment affirmed.
 SHAW and CUPP, JJ., concur.