**UNITED STATES of America, Plaintiff,**

v.

**AMERICAN ELECTRIC POWER SERVICE CORPORATION, et al., Defendants.**

**Ohio Citizen Action, et al., Plaintiffs,**

v.

**American Electric Power Service Corporation, et al., Defendants.**

**No. 2:99–CV–1182, 2:99–CV–1250.**

United States District Court, S.D. Ohio, Eastern Division.

March 30, 2001.

Jon A. Mueller, Esq., Leslie B. Bellas, Esq., Thomas A. Mariani, Jr., Esq., Steven D. Ellis, Esq., U.S. Department of Justice, Environmental Enforcement Section, Land & Natural Resources Division, Washington DC, Deborah F. Sanders, Esq., U.S. Attorney's Office, Columbus, OH, Gary D. Greenwald, Esq., Shayne & Greenwald, Columbus, OH, J. Jared Snyder, Esq., D. Scott Bassinson, Esq., New York Attorney General's Office, Albany, NY, Howard Geduldig, Esq., Kevin P. Auerbacher, Esq., Dante DiPirro, Esq., John R. Renella, Esq., Mary E. Costigan, Esq., New

Jersey Attorney General, Trenton, NJ, Richard Blumenthal, Esq., Kimberly P. Massicotte, Esq., Judith A. Merrill, Esq., Connecticut Attorney General's Office, Hartford, CT, Dianne H. Sanford, Esq., Erick Titrud, Esq., Vermont Attorney General, Montpelier, VT, Maureen D. Smith, Esq., New Hampshire Attorney General, Concord, NH, Frederick D. Augenstern, Esq., Massachusetts Attorney General, Environmental Protection Division, Boston, MA, J. Van Lear Dorsey, Esq., Maryland Attorney General, Department of the Environment, Baltimore, MD, Tricia K. Jedele, Esq., Mark Sciarrotta, Esq., Rhode Island Attorney General, Providence, RI, for United States of America.

Donald M. Miller, Esq., American Electric Power Service Corporation, Columbus, OH, Alvin J. McKenna, Esq., Lisa L. Eschleman, Esq., R. Leland Evans, Esq., James B. Hadden, Esq., Porter, Wright, Morris & Arthur, Columbus, OH, for Defendants.

Stephen P. Samuels, Esq., Samuels & Northrop, Columbus, OH, Nancy S. Marks, Esq., Mitchell S. Bernard, Esq., Natural Resources Defense Council, Inc., New York City, David Hawkins, Esq., Natural Resources Defense Council, Inc., Washington, DC, David Wooley, Esq., Clean Air Task Force, Young Sommer LLC, Albany, NY, Albert Ettinger, Esq., Donald Rosenblum, Esq., Susan Hedman, Esq., Environmental Law & Policy Center of the Midwest, Chicago, IL, David T. Buente, Jr., Esq., Kathryn Thomson, Esq., Timothy Webster, Esq., Sidley & Austin, Washington, DC, for Ohio Citizen Action.

## OPINION AND ORDER

SARGUS, District Judge.

This matter is before the Court for consideration of the Defendants' Motions to Dismiss filed in civil action 2:99–CV–1250. The Defendants seek dismissal of the complaint filed by Plaintiffs Ohio Citizen Action, et al.[1] (Doc. # 30); Defendants also seek partial dismissal of the complaint filed by the Plaintiff United States of America and the Intervening Northeast States[2]. (Doc. # 31). For the reasons that follow, the Defendants' motions are granted in part and denied in part.

### I.

The Citizens bring this action under Section 304(a)(3) of the Clean Air Act ["CAA"], 42 U.S.C. § 7604(a)(3), seeking redress for the Defendants' alleged violations of the Prevention of Significant Deterioration ["PSD"] and New Source Review ["NSR"] provisions of the Act. The Citizens are comprised of individuals who live "near and downwind of aging coal-fired power plants owned and operated by Defendants in Ohio, Indiana, West Virginia, and Virginia." (Complaint at ¶ 1).

The Citizens specifically allege the following: that the Defendants have violated the CAA by making modifications to their plants without obtaining pre-construction permits; that they have failed to install the best available control technology

---

**1.** The Plaintiffs, who hereinafter will be referred to as "Citizens" are comprised of fourteen nonprofit organizations, to wit: Ohio Citizen Action, Hoosier Environmental Council, Citizens Action Coalition of Indiana, Inc., Valley Watch, Inc., Ohio Valley Environmental Coalition, West Virginia Environmental Council, Clean Air Council, United States Public Interest Research Group, Izaak Walton League of America, National Wildlife Federation, Indiana Wildlife Federation, League of Ohio Sportsmen, Sierra Club, and the Natural Resources Defense Council, Inc.

**2.** Specifically, the States of New York, New Jersey, Connecticut, Rhode Island, Massachusetts, Vermont, Maryland and New Hampshire.

["BACT"] or to comply with the lowest achievable emissions rate ["LAER"] and obtain necessary pollutant offsets; and that their plants emit pollutants in violation of applicable BACT and LAER standards. (*Id.* at ¶ 2). The Citizens make specific allegations with respect to each of the plants involved in this action.[3] The Citizens seek injunctive relief, civil penalties, attorneys' fees and costs under the Act. The Court entertains this action pursuant to 42 U.S.C. § 7604; 28 U.S.C. § 1331.

## II.

A motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Mayer v. Mylod,* 988 F.2d 635, 637 (6th Cir.1993). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall,* 898 F.2d 1196, 1199 (6th Cir.1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

3. These plants are: Tanners Creek, Muskingum River, Mitchell, Kammer, Cardinal,

## III.

### A. Motion to Dismiss Citizens' Complaint

The Defendants first contend that the Plaintiff Citizens' complaint should be dismissed and that the Plaintiffs should be permitted to intervene as of right, pursuant to Fed.R.Civ.P. 24, in the case commenced by the Justice Department, civil action 2:99–CV–1182. Specifically, the Defendants assert that allowing the Citizens to maintain their status as separate Plaintiffs "unlawfully encroaches upon the power of the Executive Branch to enforce the law" because the "primacy of the Executive to enforce the law is preserved by 'notice' and 'diligent-prosecution' requirements" contained in 42 U.S.C. § 7604(b). (*Defendants' Motion* at 2).

As indicated above, the instant action was commenced pursuant to 42 U.S.C. § 7604(a)(3), which provides:

Except as provided in subsection (b) of this section, any person may commence a civil action on his own behalf—

3) against any person who proposes to construct or constructs any new or modified major emitting facility without a permit required under part C of subchapter I of this chapter (relating to significant deterioration of air quality) or part D of subchapter I of this chapter (relating to nonattainment) or who is alleged to have violated (if there is evidence that the alleged violation has been repeated) or to be in violation of any condition of such permit.

Subsection (b) provides:

(b) Notice

No action may be commenced—

(1) under subsection (a)(1) of this section—

Clinch River, Kanawha River, Amos and Sporn.

(A) prior to 60 days after the plaintiff has given notice of the violation (i) to the Administrator, (ii) to the State in which the violation occurs, and (iii) to any alleged violator of the standard, limitation, or order, or

(B) if the Administrator or State has commenced and is diligently prosecuting a civil action in a court of the United States or a State to require compliance with the standard, limitation, or order, but in any such action in a court of the United States any person may intervene as a matter of right.

(2) under subsection (a)(2) of this section prior to 60 days after the plaintiff has given notice of such action to the Administrator, except that such action may be brought immediately after such notification in the case of an action under this section respecting a violation of section 7412(i)(3)(A) or (f)(4) of this title or an order issued by the Administrator pursuant to section 7413(a) of this title. Notice under this subsection shall be given in such manner as the Administrator shall prescribe by regulation.

42 U.S.C. § 7604(a), (b).

■ As evidenced by the statute, the requirements contained in subsection (b) do not make reference to an action brought pursuant to § 7604(a)(3). The Defendants nonetheless contend that such an action should be subject to the notice and diligent prosecution requirements because to hold otherwise would allegedly be an unconstitutional encroachment upon the power of the Executive branch. In response, the Citizens argue that the plain language of the statute supports their status as separate Plaintiffs able to commence an action without regard to the notice and diligent prosecution requirements.

As the Citizens point out, at least two federal courts have recognized that § 7604(a)(3) is not subject to the require-ments contained in § 7604(b). *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 963 F.Supp. 395, 406–07 (D.N.J.1997) ("[T]he Clean Air Act only requires a sixty day notice period when the plaintiff proceeds under subsections (a)(1) or (a)(2) of section 7604."); *Village of Oconomowoc Lake v. Dayton Hudson Corp.*, 24 F.3d 962, 963 (7th Cir.1994) ("42 U.S.C. § 7604(a)(3) is not subject to the 60–day rule."). The Court also observes the decision by Judge Spiegel of this Court, concluding that § 7604(a)(3) is not subject to the diligent prosecution requirement found in § 7604(b). *Marvin Duren, et al. v. Worthington Custom Plastics, et al.*, civil action 1:93–CV–550 (S.D.Ohio 1994).

It is well-established that the language of the statute itself is the starting point for the Court's analysis. *See Good Samaritan Hosp. v. Shalala*, 508 U.S. 402, 409, 113 S.Ct. 2151, 124 L.Ed.2d 368 (1993). "[I]f the intent of Congress is clear, that is the end of the matter." *Id.* As the Sixth Circuit has stated, "[d]eparture from the language of the legislature and resort to judicially created rules of statutory construction is appropriate only in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters ... or when the statutory language is ambiguous.'" *Nixon v. Kent Co.*, 76 F.3d 1381, 1386 (6th Cir. 1996), quoting *Kelley v. E.I DuPont de Nemours & Co.*, 17 F.3d 836, 842 (6th Cir.1994).

In this case, § 7604(b) is silent with respect to the requirements of notice to the government and diligent prosecution by the government in cases commenced by citizens under § 7604(a)(3). The Defendants nonetheless contend that Congress' failure in this regard was "merely a drafting oversight." (*Motion to Dismiss* at 15). In support of this proposition, the Defendants point out that subsection (a)(3) was

added to the Clean Air Act in 1977, while subsection (b) was passed in 1970. The Defendants further assert that because Congress made the EPA's primary enforcement authority clear in enacting subsection (b), that it must have intended that suits under (a)(3) also be subject thereto. The Defendants acknowledge, however, that nothing in the 1977 legislative history points to such an indication. (*Motion to Dismiss* at 17). This Court finds § 7604(a)(3) neither ambiguous nor demonstrably at odds with the intention of its drafters. Thus, the Court applies the statute according to its plain language.

■ The Defendants next assert that unless this Court interprets citizens' suits under § 7604(a)(3) to be preceded by notice required under § 7604(b), the statute is unconstitutional.. The Defendants contend, in the absence of the notice requirements, citizen suits would otherwise be contrary to the separation of powers doctrine. The United States Constitution separates governmental power into three coordinate branches. *Morrison v. Olson*, 487 U.S. 654, 108 S.Ct. 2597, 101 L.Ed.2d 569 (1988). This separation serves as a "safeguard against the encroachment or aggrandizement of one branch at the expense of the other." *Buckley v. Valeo*, 424 U.S. 1, 122, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976). The separation of powers is violated when an "Act 'impermissibly undermine[s]' the powers of [one] Branch, or 'disrupts the proper balance between the coordinate branches [by] prevent[ing] th[at] Branch from accomplishing is constitutionally assigned functions.' " *Morrison*, 487 U.S. at 695, 108 S.Ct. 2597 (citations omitted).

In this case, however, authority to enforce the Clean Air Act by civil action is given to private persons and to the Executive branch of government. The private right of action does not result in one branch of government impermissibly intruding upon the acts of another branch of government. Thus, the Court finds the Defendants' argument that § 7604(a)(3) impermissibly encroaches upon the power of the Executive, misplaced. It is within the province of Congress to "create[ ] statutory rights and obligations, and [to] determine[ ] who may enforce them and in what manner." *Atlantic States Legal Foundation, Inc. v. Universal Tool & Stamping Co., Inc.*, 735 F.Supp. 1404, 1419 (N.D.Ind.1990) (rejecting assertion that citizens' suit under § 505 of the Clean Water Act, 33 U.S.C. § 1365, violates separation of powers); *accord Natural Resources Defense Council, Inc. v. Outboard Marine Corp.*, 692 F.Supp. 801 (N.D.Ill. 1988). In sum, the Defendants' motion to dismiss the Citizens' complaint on the basis that § 7604(a)(3) amounts to an unconstitutional delegation of power, is without merit.

■ The Court next considers the Defendants' assertions that the complaint should be dismissed because the Citizens' claims are outside the scope of § 7604(a)(3) and that the claims are barred by the statute of limitations. The Citizens seek civil penalties and injunctive relief for the Defendants' operation and modification of facilities without having obtained permits under the Prevention of Significant Deterioration ["PSD"] and the New Source Review ["NSR"][4] provisions of the Act. The Defendants contend that it is not a violation of the Act to "operate" as opposed to "construct" a facility without the relevant permits. Defendants point to § 7604(a)(3), which provides a cause of action against "any person who proposes to construct or constructs any new or modi-

---

**4.** The Citizens present only one claim for alleged violation of the NSR program arising

out of the operation of the Cardinal plant.

fied major emitting facility without a permit required under part C of subchapter I ... or part D of subchapter I ...." 42 U.S.C. § 7604(a)(3). Thus, according to the Defendants, "operating" a facility without a permit is not prohibited.

As the Citizens correctly observe, such a conclusion is not only contrary to the statute, but it is also illogical. Section 7604(a)(3) provides a cause of action against a person "who is alleged to have violated (if there is evidence that the alleged violation has been repeated) or to be in violation of any condition of such permit." Thus, operation of a facility in violation of any condition required by a permit is a violation of the statute.

A review of the PSD requirements supports this conclusion. The requirements clearly contemplate limitations on emissions that occur after a source is constructed or modified. Indeed, "construction" includes "modification" of any source or facility. 42 U.S.C. § 7479(2)(C). In turn, a "modification" is defined to include "any physical change in, *or change in the method of operation of,* a stationary source which increases the amount of any air pollutant emitted by such source or which results in the emission of any air pollutant not previously emitted." 42 U.S.C. § 7411(a)(4) (emphasis added). Furthermore, pursuant to 40 C.F.R. § 52.21(w)(1), a permit remains in effect unless or until it expires or is rescinded. Based upon the foregoing, the Court finds it illogical to conclude that a defendant may only be held liable for constructing a facility, rather than operating such facility, without complying with the permit requirements.

The Court further rejects the Defendants' assertion that § 7604(a)(3) does not authorize suit for wholly past violations of the Act, i.e., violations which take place after construction of a facility is completed. The Defendants rely upon the Supreme Court's decision in *Gwaltney v. Chesapeake Bay Foundation,* 484 U.S. 49, 108 S.Ct. 376, 98 L.Ed.2d 306 (1987), in support of this proposition. At issue in that case was § 505(a) of the Clean Water Act, which authorized citizen suits when the Defendant was "alleged to be in violation" of the Act. The Court held that this language did not encompass wholly past violations of the Act. The CAA, as amended in 1990, however, effectively overruled the *Gwaltney* holding with respect to past violations of the Act. As § 7604(a)(3) makes clear, citizens can bring suit against any person "who is alleged to have violated ... or to be in violation of any condition of such permit." Indeed, courts have recognized that the amendments to the CAA "permit[ ] citizen suits for both continuing violations and wholly past violations, so long as the past violation occurred more than once." *Fried v. Sungard Recovery Services, Inc.,* 916 F.Supp. 465, 467 (E.D.Pa.1996); *see also Atlantic States Legal Found. v. United Musical Instrs.,* 61 F.3d 473 (6th Cir.1995) (noting that the 1990 CAA amendments allow citizen suits for wholly historical violations). In sum, this Court rejects the Defendants' assertion that the claims advanced by the Citizens herein are outside the scope of § 7604(a)(3).

The Defendants also seek dismissal on the basis that the majority of the Citizens' claims are barred by the five year statute of limitations found in 28 U.S.C. § 2462.[5] With respect to their claims for

---

5. The statute provides:

> Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or the property

civil penalties, the Citizens argue that the alleged violations are "continuing" so as to toll the five year limitations period. The Citizens rely upon the continuing violation theory articulated by the Sixth Circuit in *Tolbert v. Ohio Dept. of Transportation,* 172 F.3d 934 (6th Cir.1999), in support of this theory. The doctrine applies where a violation, which occurred outside the relevant limitations period, is so closely related to other violations that are not time-barred, so as to be viewed as part of a continuing practice such that recovery may be had for all violations. *See Havens Realty Corp. v. Coleman,* 455 U.S. 363, 380–81, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982). In *Tolbert,* the Sixth Circuit held that the defendant's wrongful conduct must continue after the precipitating event that began the pattern; the injury must continue to accrue after the event; and, further injury to the plaintiff must have been avoidable if the defendant had ceased its wrongful conduct. *Tolbert,* 172 F.3d at 939. The Citizens argue that each element is satisfied in this case.

This Court concludes that whether or not the Citizens satisfy the elements of continuing violation doctrine is not germane to the issue at bar. As the Court stated *supra,* the CAA clearly authorizes citizen suits for what is considered a continuing or wholly past violation. In the Court's view, the relevant inquiry is the extent of the civil penalty which may be imposed in the event the Citizens prevail upon their claims. This Court concludes that 28 U.S.C. § 2462 limits the time to five years in which civil penalties may be sought for days in which the Defendants allegedly violated the CAA. Thus, to the extent the Citizens seek relief outside of this time, the Defendants' motion to dismiss is meritorious. To the extent, however, the Defendants seek to dismiss claims which allege historical violations of the CAA, the motion is without merit.

■ The Defendants also seek to dismiss the Citizens' complaint insofar as it requests injunctive relief for the alleged violations. In their reply memorandum, the Defendants argue that injunctive relief cannot be had under 42 U.S.C. § 7604(a)(3) because the statute does not expressly provide for such relief. Section 7604(a) provides, in pertinent part:

> The district courts shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce such an emission standard or limitation, or such an order, or to order the Administrator to perform such an act or duty, as the case may be, and to apply any appropriate civil penalties (except for actions under paragraph (2))....

42 U.S.C. § 7604(a). The Defendants assert that the foregoing applies only to actions under § 7604(a)(1), not to those under (a)(3). The Defendants cite no authority in support of this proposition, nor has the Court found any such authority. In the Court's view, a plain reading of the statute leads the Court to conclude that the foregoing provision applies to actions under (a)(3). Thus, to the extent the Defendants assert that the Citizens cannot obtain injunctive relief under (a)(3), the motion is not well-taken.

■ The Defendants further contend that the claim for injunctive relief is barred by 28 U.S.C. § 2462. The statute, by its terms, applies only to suits for civil penalties. While the doctrine of laches may prevent injunctive relief, statutes of limitations historically do not control measures of equitable relief. *See Holmberg v. Armbrecht,* 327 U.S. 392, 396, 66 S.Ct. 582,

---

is found within the United States in order that proper service may be made thereon.

28 U.S.C. § 2462.

90 L.Ed. 743 (1946). This Court concludes that the statute of limitations does not bar the claim.

The Defendants also argue that the Citizens' request for injunctive relief amounts to a penalty for purposes of § 2462 and thus, must be limited. The Defendants assert that "an order requiring the Defendants to install billions of dollars worth of controls" is "purely punitive relief." (*Defendants' Motion to Dismiss EPA and Intervenor Complaints* at 27). This Court disagrees with such a blanket assertion. As stated by the Tenth Circuit in *United States v. Telluride*, 146 F.3d 1241 (10th Cir.1998), this Court is not convinced that the request for injunctive relief to remedy past conduct changes the remedial nature of the relief. Clearly, the nature and/or extent of injunctive relief may well change because of the lapse of time. Further, relief may be dependent upon whether a particular modified source is still being operated. Such issues, however, must await resolution on the merits. The Court cannot conclude, at this juncture, that all injunctive relief is necessarily punitive in nature. To the extent the Defendants seek such a determination, the motion is not well-taken.

■■ The Defendants also assert that the concurrent remedy rule operates to bar the Citizens' claims for injunctive relief. Under this rule, "equity will withhold its relief ... where the applicable statute of limitations would bar the concurrent legal remedy." *Cope v. Anderson*, 331 U.S. 461, 464, 67 S.Ct. 1340, 91 L.Ed. 1602 (1947). This Court has concluded, in the opinion issued in action 2:99–CV–1182, that the concurrent remedy rule does not apply against the government. The same is not true, however, with respect to the Citizens in this case. The Citizens nonetheless argue that the concurrent remedy rule does not apply because, in their view, their suit seeks primarily equitable relief.

The Citizens rely upon *A–C Reorganization Trust v. E.I. DuPont de Nemours & Co.*, 968 F.Supp. 423 (E.D.Wis.1997), in support of this assertion. In that case, the Court concluded that a citizens' claim for injunctive relief under the Resource Conservation and Recovery Act ["RCRA"], 42 U.S.C. §§ 6901, *et seq.*, was not barred by the concurrent remedy rule. The Court held that while citizen enforcers could seek civil penalties, "those penalties are payable to the United States, not to the plaintiff, so compensation cannot be their primary function. Instead the civil penalties' major purpose is deterrence." *Id.* at 429 (internal citations omitted). Thus, the Court reasoned that the citizens' suit was primarily grounded in equity.

Similarly, civil penalties under § 7604(a) are to be deposited in the Treasury of the United States. 42 U.S.C. § 7604(g). Thus, the Court finds the reasoning of *A–C Reorganization Trust* persuasive. Indeed, this Court finds that the primary purpose of civil penalties is deterrence, not reward to the Plaintiffs. Thus, this Court finds that the concurrent remedy doctrine does not operate to bar the Citizens' claims for injunctive relief. To the extent Defendants seek to dismiss the claims for injunctive relief contained in the Citizens' complaint, the motion is without merit.

**B. Motion to Dismiss the EPA's and the Northeast States' Amended Complaints in Part**

The Defendants also move, in case 2:99–CV–1250, to dismiss the complaints filed by Plaintiffs United States of America and the Intervening Northeastern States. For the reasons stated in the companion *Opinion and Order* issued this day in case 2:99–CV–1182, the Defendants' motion in this action is granted in part and denied in part.

## IV.

The Defendants' Motion to Dismiss the Citizens' Complaint (**Doc. # 30**) is **GRANTED** in part and **DENIED** in part, consistent with the foregoing. The Defendants' Motion to Partially Dismiss the complaints filed by the EPA and Intervening Northeastern States (**Doc. # 31**) is **GRANTED** in part and **DENIED** in part, as set forth in the *Opinion and Order* issued in Civil Action 2:99–CV–1182.

**IT IS SO ORDERED.**