JOURNAL ENTRY and OPINION
Plaintiff-appellant herein, Peter K. Ormond, appeals from the trial court's denial of his motion for preliminary injunction as well as its grant of summary judgment in favor of defendant-appellee City of Solon (the City), Camaretta Properties and DiSanto Enterprises, Inc. (the developers) on appellant's administrative appeal of a grant of certain zoning variances. The administrative appeal was filed with the trial court on February 10, 2000. The motion for temporary restraining order and preliminary injunction was filed on June 28, 2000.
Because we find that the preliminary injunction motion was not timely filed and that the appellant failed to present any evidence in support of his motion which would have entitled him to the relief that he was seeking and because we further find that the administrative appeal was moot at the time that the trial court made its ruling, we affirm the judgment of the trial court.
This appeal arises from two different cases which were eventually consolidated at the trial court level. Both cases are related to a dispute between the appellant, a resident and property owner in the city, and the city concerning the development of a residential subdivision within the city limits. The appellant has asserted that the city, in contravention of the city charter, approved whole scale zoning variances on behalf of the developers of the Sycamore Estates subdivision, which effectively constituted a change in zoning classification, and as such should have been subject to voter approval. The city maintains that the zoning classification was altered as the result of a consent judgment entry which was entered into between the city and another developer who was the predecessor in interest to the current developers of the Sycamore Estates subdivision. The city further asserts that the administrative appeal filed by the appellant was made moot when the city issued new variances for the project which effectively rescinded and replaced the earlier variances which were challenged by the appellant.
By the agreement of the parties, the trial court did not take evidence before making its ruling in the consolidated case, but, rather, based its decision on the existing record, as well as the briefs of the parties. On September 12, 2000, the trial court's decision was journalized. The trial court found that the claim for injunctive relief was time-barred because it was not made until nearly four months after construction on the project had already commenced and would have caused far more harm to the developers than potential benefit to the appellant. In a separate order, which was also journalized on September 12, 2000, the trial court denied the appellant's administrative appeal and affirmed the decision of the city's Board of Zoning Appeals.
The appellant timely filed the within appeal from the decision of the trial court and herein presents three assignments of error for this court's review. The first assignment of error states:
 I. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION FOR A PRELIMINARY INJUNCTION.
As was stated earlier in this opinion, the trial court expressly found that the appellant waited too long after the subject variances were issued and the construction on the project had started to seek a temporary restraining order and/or preliminary injunction to enjoin the construction efforts at the Sycamore Estates. Our review of the record compels us to reach the same conclusion.
In seeking an injunction, the grant or denial of an injunction is solely within the discretion of the trial court. That decision will not be disturbed upon appeal absent a clear showing of an abuse of discretion. Buck Consultants, Inc. v. Smith (Dec. 7, 2000), Cuyahoga App. Nos. 77845 78002, unreported; Garono v. State (1988),37 Ohio St.3d 171, 173, 524 N.E.2d 496. A preliminary injunction is an extraordinary remedy and, as such, the appellant has a substantial burden to meet in order to be entitled to a preliminary injunction. In ruling on a motion for a preliminary injunction, the court must consider whether: (1) the movant has shown a strong or substantial likelihood or probability of success on the merits; (2) the movant has shown irreparable injury; (3) the preliminary injunction could harm third parties; and (4) the public interest would be served by issuing the preliminary injunction. Gobel v. Laing (1967), 12 Ohio App.2d 93, 231 N.E.2d 341; Frisch's Restaurant, Inc. v. Shoney's, Inc. (1985), 759 F.2d 1261, 1263. See, also, Goodall v. Crofton (1877), 33 Ohio St. 271.
The term "abuse of discretion" implies that the court's ruling was "unreasonable, arbitrary, or unconscionable." State v. Adams (1980),62 Ohio St.2d 151, 157, 404 N.E.2d 144, 149. Therefore, to find an abuse of discretion we must find that the trial court committed more than an error of judgment. When applying the abuse of discretion standard, a reviewing court is not free merely to substitute its judgment for that of the trial court. In re Jane Doe 1 (1991), 57 Ohio St.3d 135,566 N.E.2d 1181, citing Berk v. Matthews (1990), 53 Ohio St.3d 161,559 N.E.2d 1301.
There is no compelling evidence in the record that the trial court abused its discretion in denying the appellant's motion for injunctive relief.
The doctrine of laches may prevent injunctive relief where a party has delayed the commencement of an action. U.S. v. American Electric Power Service Corp. (S.D.Ohio 2001), 137 F. Supp.2d 1060, 1067-68. See, also, Holmberg v. Armbrecht (1946), 327 U.S. 392, 396, 90 L.Ed. 743,66 S.Ct. 582.
Under Ohio law, a party invoking laches, to be successful, must show that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting the claim. State ex rel. Caspar v. Dayton (1990), 53 Ohio St.3d 16, 20, 558 N.E.2d 49; Freed v. Farag (1997), 994 F. Supp. 887, 891.
In AK Steel Corp. v. Chamberlin (1997), 974 F. Supp. 1120, 1126, the court provided the following overview of the doctrine of laches:
 Finally, the Court notes that the doctrine of laches would militate against granting an injunction here. Laches is an equitable defense which bars injunctive relief where a plaintiff unreasonably delays in commencing an action. Tri-Star Pictures, Inc. v. Leisure Time Productions, B.V. (2d. Cir. 1994), 17 F.3d 38, 44; Minnesota Public Interest Research Group v. Butz (D. Minn. 1973), 358 F. Supp. 584, 619. "The defense of laches `requires proof of (1)lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense.'" Kansas v. Colorado, 514 U.S. 675, 687, 131 L.Ed.2d 759 at 774, 115 S.Ct. 1733 (1995) (citation omitted); see also Black's Law Dictionary 875 (6th ed. 1990) ("`Doctrine of laches,' is based upon maxim that equity aids the vigilant and not those who slumber on their rights. It is defined as neglect to assert a right or claim which, taken together with lapse of time and other circumstances causing prejudice to the adverse party, operates as bar in court of equity").
The trial court's opinion provided ample documentation of the material prejudice which would have inured to the detriment of the city and the developers had the trial court granted the appellant's untimely request for injunctive relief:
 Notwithstanding the fact that Plaintiff had notice that construction would start shortly after the January 18, 2000 approval of the preliminary plat, Plaintiff did not move for a Temporary Restraining Order or Preliminary Injunction until June 28, 2000. * * *
 * * * By that time, the construction of Sycamore Estates had completed over seven major steps out of a total of ten steps in the development. (See Construction Timeline dated July 5, 2000). Specifically, the developers had already cleared the area, installed erosion control devices, awarded the construction contract to Digioia/Suburban Excavating and begun the grading of the area. The developers were scheduled to have begun installing the force main by June 19, 2000.
 Thus, for almost seven months, Plaintiff did not actively pursue an injunction until much of the construction had already been completed. To halt the construction now would certainly harm the developers more than Plaintiff would be harmed without the injunction. Moreover, Plaintiff should not be permitted to delay seeking an injunction thereby increasing the harm Defendants would suffer from such an injunction when the degree of harm would have been less severe had Plaintiff actively sought an injunction sooner.
We concur with the trial court's conclusion that it would have been inequitable to have granted the appellant the requested injunctive relief after the appellant delayed requesting said relief for such an extended period of time. Accordingly, this assignment of error is overruled.
The appellant's second assignment of error states:
 II. THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT AGAINST APPELLANT WITH RESPECT TO HIS CHAPTER 2506 APPEAL.
The thrust of the appellant's argument as it relates to this assignment of error is that the trial court erred by granting summary judgment rather than ruling on the merits of the appeal. We find this assertion to be lacking in merit as the trial court's order plainly indicates that the court ruled on the merits of the appeal based upon the briefs submitted by each party as was agreed to by all counsel involved. The trial court's relevant journal entry reads as follows:
 Defendant City of Solon's Motion for Summary Judgment (filed 7-12-00) is granted. Upon consideration of appellant's and appellee's briefs, the court hereby affirms the decision of the City of Solon Board of Zoning Appeals.
The verbiage concerning the grant of the motion for summary judgment was mere surplusage and did not operate to deprive the appellant of the appropriate standard of review provided for in R.C. 2506.01.
The variances which were the subject of the appellant's administrative appeal were not in effect at the time of the trial court's ruling as the developers had sought and received a different set of variances from the city during the interim period. This second set of variances differed in number, substance and form from those to which the appellant had previously objected. The appellant failed to timely appeal the grant of the second set of variances. Thus, there was no way in which the trial court could have conducted a meaningful review of the disputed variances as their legality was not properly before the court.
R.C. 2506.04 contains the appropriate standard of review to be applied by the trial court in an administrative appeal such as the one in the instant case:
 The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable or unsupported by the preponderance of substantial, reliable and probative evidence on the whole record. * * * The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure * * *. (Emphasis added.)
We have reviewed the evidence presented upon appeal and find that the trial court correctly determined that the preponderance of substantial, reliable, and probative evidence supported the Board's decision and that the judgment of the trial court was not contrary to law.
The appellant's third and final assignment of error states:
 III. THE TRIAL COURT ERRED WHEN IT DISMISSED MR. ORMOND'S REQUEST FOR DECLARATORY JUDGMENT.
Contrary to the appellant's assertion, the granting of the disputed variances to the developers of Sycamore Estates was not tantamount to a rezoning of the subject property and did not require prior voter approval. As was mentioned earlier in this opinion, the minimum lot size required for development of new housing on this property was amended subject to a consent judgment entry reached by the city and the predecessor in interest to the current developers. The legality or binding effect of that judgment entry is not currently before this court.
The issuance of variances has long been upheld in the law and constitutes a valid exercise of police power. Hulligan v. Columbia Twp. Bd. of Zoning Appeals (1978), 59 Ohio App.2d 105. There is no evidence in the record that the variances in dispute herein were issued in a manner contrary to law.
For the foregoing reasons, this assignment of error is also overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KARPINSKI, A.J., and BLACKMON, J., CONCUR.