GESSLER ET AL., APPELLANTS, *v.* MADIGAN ET AL., APPELLEES.

(No. 2-73-18—Decided February 22, 1974.)

Mr. Robert C. Wiesenmayer, for appellants.
Messrs. Connaughton & Weger, for appellees.

GUERNSEY, P. J. This action originated as a complaint by the owners of farm land against the cash tenant of their predecessor in title seeking to recover from the tenant damages for the value of a wheat crop planted by him before his lease expired but harvested and removed thereafter and for preliminary and permanent injunctions to prevent the tenant from harvesting and removing the wheat straw remaining on the farm after the wheat crop was combined. After hearing on the motion for the preliminary injunction the trial judge concluded in his decision that there being nothing in the written lease specifying the right to the "away going" crop, such right was determined by custom, and that the evidence established that the custom was that such crop belonged to the tenant. He thereupon entered an order denying the preliminary injunction and giving the tenant thirty days to remove the wheat straw. No transcript of the proceedings resulting in this order was prepared or exists.

The tenant then filed his answer to the complaint followed in turn by the plaintiff's demand for jury trial and the tenant's motion for summary judgment for the stated ground that the court has "resolved all issues of fact and law in the disposition of the plaintiff's motion for a preliminary injunction and there remains no justiciable issue before this court on plaintiff's complaint and defendant is entitled to judgment as a matter of law." Plaintiffs

thereupon filed several affidavits tending to show that the tenant was not entitled by custom to the crop. Hearing was had on the motion and the court filed its entry reciting that it had "considered the pleadings and affidavits filed in this action and the *evidence adduced upon hearing for preliminary injunction*" (emphasis added) and that the tenant is entitled to summary judgment, which judgment the court thereupon rendered.

Plaintiffs now assign error of the trial court (1) in rendering "a judgment on the merits in a proceedings (sic.) for a preliminary injunction when the complaint filed included a prayer for damages in addition to preliminary and permanent injunctive relief" and (2) in granting "a summary judgment for the defendant solely on the basis of evidence presented at the hearing for preliminary injunctive relief when, at the time of the summary judgment hearing, plaintiffs filed written affidavits opposing said evidence presented at the hearing for preliminary injunctive relief."

Plaintiffs' first assignment of error is not supported by the record in that judgment on the merits was not entered in the preliminary injunction proceedings. Under the provisions of Civil Rule 65(B)(2) the trial court might have, *but did not,* order the trial on the merits (of the permanent injunction, at least) to be advanced and consolidated with the hearing on the preliminary injunction. His order following the hearing merely purported to deny the preliminary injunction. We conclude, therefore, that this assignment is without merit.

It is apparent from the grounds set forth in the tenant's motion for summary judgment that his theory was that the judgment of the court denying the preliminary injunction was conclusive of all issues raised by plaintiffs' complaint. It is apparent that in rendering summary judgment in favor of the tenant the trial court agreed with this theory for in the transcript of the summary judgment hearing it concludes, "This court is of the opinion that when it granted its decision on the temporary injunction that all justiciable matters at that time were resolved, there-

fore, this motion for the summary judgment is allowed.'' However, an order made granting or denying a preliminary injunction is not conclusive on the issues raised with respect to the granting of the preliminary injunction, or on any of the issues pertaining to the merits of the action. In 43 Corpus Juris Secundum 936, Injunctions, Section 207, it is stated:

"*A temporary injunction does not adjudicate the ultimate rights in controversy and ordinarily it remains in force until superseded by the final decree.*

"* * *.

"*Conclusiveness; res judicata.* The granting or denial of a preliminary injunction does not amount to an adjudication of the ultimate rights in controversy, is not conclusive on the court on a subsequent hearing, and concludes no rights of the parties; * * *. An order granting or denying a preliminary injunction merely determines that the court, balancing the respective equities of the parties, concludes that, pending a trial on the merits defendant should, or that he should not, be restrained from exercising the rights claimed by him; and when the cause is finally tried it may be found that the facts require a decision against the party prevailing on the preliminary application, and the order may be modified in the final judgment giving to the respective parties that order or judgment which the rules of equity require.'' See, also, *Gobel* v. *Laing*, 12 Ohio App. 2d 93.

Notwithstanding the denial of a preliminary injunction does not amount to adjudication of the ultimate rights in controversy, the provisions of Rule 65(B)(2) would, *in an appropriate case*, permit ''any evidence received upon an application for a preliminary injunction which would be admissible upon the trial on the merits'' to become ''part of the record on the trial and need not be repeated upon the trial.'' But the judgment appealed from was not the outcome of a trial being entered instead pursuant to an order sustaining a motion for summary judgment. Civil Rule 56(C) contemplates the rendering of a summary judgment ''if the pleading, depositions, answers to interroga-

tories, written admissions, affidavits, *transcripts of evidence in the pending case*, and written stipulations of fact, if any, timely filed in the action show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Emphasis added.) The record of this appeal does not contain a transscript of the evidence adduced on the hearing on the motion for preliminary injunction and it appears that no such transcript was ever filed for consideration, or ever considered, by the trial court in its determination of the motion for summary judgment. It thus appears that when the trial judge recited in the summary judgment entry that the court "considered * * * the evidence adduced upon hearing for preliminary injunction" he was referring to the earlier testimony heard by him. As it had not been reduced to transcript form and filed it was not an item permitted to be considered by the provisions of Civil Rule 56(C). Such consideration constituted error prejudicial to the plaintiff landowners.

Moreover, as the order denying the temporary injunction did not operate as an adjudication of the ultimate rights in controversy the issue of fact of the prevailing custom relating to "away going" crops had not been finally adjudicated, and when the evidence adduced at that hearing in favor of defendant tenant was also not available to do so, a genuine issue as to a material fact remained which precluded granting summary judgment in favor of the defendant tenant. The trial court also committed error prejudicial to the plaintiff landowners in this respect in doing so.

For these prejudicial errors, the summary judgment is reversed and vacated and the cause is remanded to the trial court, with instructions to overrule the defendant tenant's motion for summary judgment and for further proceedings as provided by law.

*Judgment reversed.*

Cole and Miller, JJ., concur.