OPINION
The above cause is before this Court pursuant to a petition for a writ of habeas corpus and a motion for a preliminary injunction, filed by Appellant-Petitioner, Billy Joe Davis ("Appellant"). For the following reasons, we affirm the trial court's decision denying Appellant's writ for habeas corpus and motion for injunctive relief.
The facts of the case are as follows. On April 21, 1997, pursuant to a conviction for possession of cocaine, Appellant was sentenced to a term of six months in prison. Upon his release, Appellant was placed on post-release control sanctions pursuant to R.C. 2967.28. Appellant later violated the control sanctions, and was imprisoned for ninety days. On July 15, 1998, Appellant was released from his incarceration. However, on July 27, 1998, Appellant once again violated his control sanctions and was returned to jail.
On August 4, 1998, while incarcerated, Appellant petitioned the trial court for a writ of habeas corpus. In his petition, Appellant demanded his release from the Marion County Jail. On August 25, 1998, the trial court conducted a hearing on the matter. Pursuant to agreement of the parties involved, Appellant was released from prison pending a September 4, 1998 hearing regarding his most recent violation of his post-release control sanctions. At the hearing, Appellant was found to have violated his control sanctions. However, Appellant was neither ordered to serve additional time in prison, nor were his control sanctions revoked.
On September 17, 1998, Appellant was once again arrested and incarcerated for allegedly violating his control sanctions. Appellant was released on October 1, 1998. On October 9, 1998, Appellant was again arrested for allegedly violating his control sanctions. On October 16, 1998, a hearing was held on the matter. On October 20, 1998, the trial court dismissed Appellant's complaint in habeas corpus. Appellant now appeals, setting forth one assignment of error.
Assignment of Error
 The trial court erred by denying Petitioner's Writ of Habeas Corpus and request for injunction [sic] relief as concerns Petitioner Billy Joe Davis.
 Appellant asserts in his sole assignment of error that the trial court erred in dismissing his petition for a writ of habeas corpus, and likewise erred in denying his motion for a preliminary injunction. For the following reasons, we do not agree.
 We first note that petitioner, in his sole assignment of error, alleges that R.C. 2967.28, the post-release control statute, is unconstitutional. Therefore, Appellant claims that the granting of his petition for a writ of habeas corpus is the proper form of relief.
Habeas corpus is a writ directed to a person detaining another, commanding the person to produce the body of the prisoner or person detained for the purpose of testing the legality of the detention or imprisonment. The purpose of a writ of habeas corpus is not to determine whether a person is guilty of an offense, but to determine the legality of the restraint under which the person is held. In re Lockhart (1952), 157 Ohio St. 192. A writ of habeas corpus will lie under certain extraordinary circumstances when the restraint of the prisoner's liberty is unlawful and the prisoner has no adequate remedy at law. State ex rel. Harris v. Anderson (1996), 76 Ohio St.3d 193, 194.
In the case sub judice, the State contends in its brief that because Appellant was released from prison following the filing of the petition for a writ of habeas corpus, his claim must now be moot. For the following reasons, we agree.
It is axiomatic that if the unlawful restraint has been terminated, its legality may not be determined in a habeas corpus proceeding. State ex rel. Colby v. Reshetylo (1972), 30 Ohio App.2d 183. However, although a case may be moot, a court may decide the issues raised where they are capable of repetition, yet evading review. State ex rel. Fenley v. Kyger (1995), 72 Ohio St.3d 164.
A review of the record reveals that on August 4, 1998 Appellant petitioned the trial court for a writ of habeas corpus demanding his release from the Marion County Jail. On August 25, 1998, the trial court conducted a hearing on the matter, and Appellant was released from jail pending a September 4, 1998, hearing. At the hearing, Appellant was found to have violated his post-release control sanctions, but was neither ordered to serve additional time in prison nor were his control sanctions revoked.
We find that because Appellant was released from jail subsequent to the filing of the August 4, 1998 writ for habeas corpus, the petition is now moot. Therefore, Appellant is clearly not entitled to a writ of habeas corpus at the present time, and we need not address the merits of his claims.[1]
Appellant further maintains that he is entitled to a preliminary injunction prohibiting the Marion County Sheriff from "taking any action whatsoever which would restrain [Appellant's] liberty." It is well-established that the purpose of preliminary injunctive relief is to preserve the status quo pending the final hearing on the merits. See, e.g, Gobel v. Laing (1967), 12 Ohio App.2d 93; Gessler v. Madigan (1974), 41 Ohio App.2d 76.
As we previously stated, Appellant's petition for a writ of habeas corpus is moot. For this reason, there is no basis to maintain the status quo of the pending action. Therefore, Appellant's request for injunctive relief is not well-taken.
Based upon the foregoing, this Court finds that Appellant's petition for a writ of habeas corpus, as well as his request for injunctive relief, is hereby denied and the cause is dismissed with prejudice to petitioner. Accordingly, Appellant's assignment of error is overruled.
Judgment affirmed.
WALTERS, and SHAW, JJ., concur.
[1] We also decline at this time to address the constitutionality of R.C. 2967.28.