[Cite as *R.L.R. Invests., L.L.C. v. Cross Street Partners, L.L.C.*, 2024-Ohio-2292.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| R.L.R. INVESTMENTS LLC | : | |
| Appellant | : | C.A. No. 30034 |
| v. | : | Trial Court Case No. 2023 CV 04657 |
| CROSS STREET PARTNERS LLC | : | (Civil Appeal from Common Pleas Court) |
| Appellee | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on June 14, 2024

. . . . . . . . . . .

ANTHONY C. WHITE and THOMAS W. PALMER, Attorneys for Appellant

TOBY K. HENDERSON, BRYAN K. PENICK and COREY H. BUSHLE, Attorneys for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} R.L.R. Investments, LLC ("RLR") appeals from the trial court's decision and entry granting a motion for preliminary injunction filed by defendant Cross Street Partners, LLC ("CSP").

{¶ 2} The trial court entered the injunction to prevent RLR from proceeding with a pending arbitration against an entity known as SP Rotunda, LLC ("Rotunda"). RLR contends the trial court erred in granting CSP injunctive relief for numerous reasons. In particular, RLR argues that (1) CSP lacked standing to enjoin an arbitration to which it is not a party, (2) CSP failed to assert a legal claim for which injunctive relief could be a remedy, (3) CSP did not show a likelihood of success on the merits of its defense, (4) CSP failed to demonstrate irreparable harm absent an injunction, (5) the trial court erroneously ruled on the merits of an emergency arbitration motion, and (6) the trial court failed to provide specificity regarding the scope of its injunction.

{¶ 3} Upon review, we find RLR's first argument to be persuasive. Accordingly, the trial court's order enjoining RLR from proceeding with its pending arbitration against Rotunda will be reversed, and the injunction will be dissolved.

## I. Background

{¶ 4} The present dispute concerns an easement traversing the downtown Dayton Arcade building. The easement included an enclosed walkway connecting an office building on one side of the Arcade to a parking garage on the other side. RLR owns the office building and the parking garage, and its tenants have a right to use the pedestrian easement. The Arcade is owned by Rotunda. CSP is a real-estate developer acting as Rotunda's agent to perform construction activities and renovate the Arcade.

{¶ 5} In May 2023, CSP informed RLR that the walkway would be closed temporarily during the construction period. In June 2023, RLR commenced an arbitration proceeding against CSP, alleging breach of the easement agreement and trespass. CSP

responded that it was not a party to the easement agreement and was not bound by an arbitration clause contained therein. In August 2023, RLR dismissed CSP from the arbitration and named Rotunda as a party to it. That same month, RLR filed a complaint against CSP in the Montgomery County Common Pleas Court. The complaint included a cause of action for trespass based on CSP's alleged interference with RLR's rights under the easement agreement. RLR sought injunctive relief and damages against CSP.

{¶ 6} In October 2023, the trial court granted RLR a temporary restraining order preventing CSP from closing the easement. In November 2023, a magistrate granted RLR a preliminary injunction prohibiting CSP from closing or restricting access to the easement until January 6, 2024. The basis for the ruling was that a period of required prior notice to RLR would not exist until that date. Both parties filed objections to the magistrate's decision. On January 17, 2024, CSP also moved for its own injunctive relief to prevent RLR from arbitrating against Rotunda.

{¶ 7} On January 23, 2024, the trial court filed separate rulings resolving (1) the parties' objections to the magistrate's decision granting RLR a preliminary injunction and (2) CSP's motion for injunctive relief to halt RLR's arbitration against Rotunda. With regard to the former issue, the trial court noted that a 90-day notice requirement to close the walkway had been satisfied as of January 7, 2024. The trial court then rejected RLR's argument that temporary closure of the walkway during construction was unnecessary. As a result, the trial court overruled RLR's motion for a preliminary injunction against CSP. The trial court noted, however, that the preliminary injunction hearing before the magistrate had not been consolidated with a trial on the merits. Therefore, the trial court

emphasized that its denial of preliminary injunctive relief to RLR did "not affect the merits of any party's claims or defenses" beyond its denial of preliminary injunctive relief.

{¶ 8} With regard to CSP's motion for an injunction to prevent RLR from arbitrating with Rotunda, the trial court noted that RLR had invoked its jurisdiction and had sought injunctive relief against CSP to prevent temporary closure of the walkway based on a lack of necessity. The trial court also noted that RLR had filed a supplemental brief in support of its objections to the magistrate's decision. Therein, RLR had claimed that there was a planned permanent encroachment on the easement by constructing a hotel room in it. The trial court opined that RLR was not entitled to arbitrate this issue against Rotunda because its supplemental brief had placed the permanent-encroachment issue squarely within the common pleas court case.

{¶ 9} The trial court proceeded to find that the alleged permanent encroachment based on Rotunda's constructing a hotel room in the footprint of the easement was "indefinite, uncertain, and speculative." The trial court added: "The basis for arbitration is contingent upon encroachment. Plaintiffs have little or no evidence that encroachment will occur. * * * Thus, the basis for AAA [arbitration] activity is weak or non-existent. There really is no basis. Thus, there is no grounds to go to the AAA." *See* January 23, 2023 Decision and Entry Granting Defendant's Motion for Preliminary Injunction at 5. Ultimately, the trial court held that the permanent-encroachment issue was not "ripe." *Id.* The trial court then concluded as follows:

> Defendant is likely to succeed on the merits of its defense. RLR has not shown any grounds for violation of the easement. There is no

encroachment on the easement. Thus, Plaintiff has no right to arbitrate that issue. Plaintiff has litigated the issues of encroachment, necessity, and notice before the state court, Montgomery County, Ohio. The law restricts litigating the same issues simultaneously or successively before multiple for[u]ms. Defendant has shown a substantial likelihood to succeed on this component.

Defendants [sic] will suffer irreparable harm if Plaintiff can pursue the same claim before AAA. Defendants [sic] are proceeding with construction. Delay in construction will potentially cause great financial loss in terms of financing, tax credits, funding, and numerous construction contracts. A[n] AAA proceeding may result in an order which would suspend construction. This threatens irreparable harm to Defendants [sic].

An injunction in this court serves the public interest. It furthers the interest of third parties such as contractors. The interest[s] of third parties are advanced. This injunction promotes that.

All residual rights remain in the possessory or servient estate, the servient land owner may make any use of his property that does not unreasonably interfere with the easement holder's use of the easement, unless the easement agreement provides otherwise. Under the facts of this case, Defendant is making use of the property that does not unreasonably interfere with Plaintiff's use of the easement. Plaintiff's effort to obtain relief from AAA could be contrary to the court's order permitting construction by

the servient estate owner. Plaintiff's action vitiates the court's prior order permitting construction on the servient estate where there has been a finding that the easement provisions have been met. There is compliance with the terms of the easement.

Accordingly, Defendant's *Motion for Preliminary Injunction* is GRANTED.

*Id.* at 5-6.

{¶ 10} Ninety-four minutes after filing its decision and entry sustaining CSP's motion for a preliminary injunction, the trial court filed a decision and entry sustaining a motion by Rotunda to intervene in the case. When the trial court sustained CSP's motion for a preliminary injunction, however, Rotunda was not yet a party to the litigation. Therefore, the trial court did not grant Rotunda injunctive relief precluding arbitration.

{¶ 11} On January 26, 2024, RLR appealed from the trial court's decision and entry sustaining CSP's motion to enjoin arbitration with Rotunda. We issued a show-cause order, questioning whether the trial court's sustaining of CSP's motion for preliminary injunctive relief was appealable. Following briefing, we found our show-cause order satisfied. We determined that the trial court's award of preliminary injunctive relief to CSP was appealable under R.C. 2505.02(B)(4). Consequently, we turn to the merits of RLR's appeal, which raises six assignments of error.

## II. Standing

{¶ 12} RLR's first assignment of error states:

**The Trial Court Abused Its Discretion By Holding That RLR Waived**

**Arbitration Because CSP Lacks Standing To Alter Ongoing Arbitration Proceedings To Which It Is Not A Party.**

{¶ 13} RLR challenges CSP's standing to obtain an injunction preventing RLR from arbitrating against Rotunda. RLR points out that CSP's principal, Rotunda, is a party to the arbitration, not CSP. Given that CSP is not a party to the arbitration agreement or the pending arbitration proceeding, RLR maintains that CSP has no stake in that action and, therefore, lacks standing to enjoin arbitration between RLR and Rotunda.

{¶ 14} In response, CSP recites the traditional test for standing and argues that it is satisfied. "To establish traditional standing, a party must show that the party has 'suffered (1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) likely to be redressed by the requested relief.' " *State ex rel. Food and Water Watch v. State*, 153 Ohio St.3d 1, 2018-Ohio-555, 100 N.E.3d 391, ¶ 19, quoting *Moore v. Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, ¶ 22, citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). "These three factors—injury, causation, and redressability—constitute 'the irreducible constitutional minimum of standing.' " *Moore* at ¶ 22, quoting *Lujan* at 560. CSP argues that "RLR's seeking an injunction in the arbitration to ignore the Trial Court's order dissolving the injunction against CSP/SP Rotunda constitutes a redressable injury to CSP, traceable to RLR's conduct." CSP also asserts that it faces a risk of financial loss from potential construction delays if RLR arbitrates against Rotunda.

{¶ 15} Upon review, we conclude that CSP lacked standing to obtain an injunction preventing arbitration between RLR and Rotunda. The trial court's broadly worded ruling

enjoins RLR from arbitrating anything with Rotunda related to encroachment or trespass on the easement. This would include issues related to (1) any temporary closure of the walkway due to CSP's construction activities undertaken on behalf of Rotunda and (2) any planned permanent encroachment on the easement by Rotunda directing CSP to construct a hotel room in the easement's footprint.

{¶ 16} With regard to temporary-closure issues, the trial court ultimately denied RLR's motion for injunctive relief to prevent CSP from interfering with its use of the walkway. The essence of CSP's standing argument, as articulated throughout its appellate brief, is that it maintains an interest in (1) preventing RLR from ignoring the trial court's judgment denying RLR an injunction and (2) stopping RLR from arbitrating issues already decided by the trial court. CSP warns of the possibility of contradictory judgments and conflicting rulings in the trial court and in arbitration. CSP maintains that it has standing to protect its interests by preventing such a situation.

{¶ 17} We are unpersuaded that the trial court's denial of preliminary injunctive relief to RLR conferred standing on CSP to seek enjoinment of the pending arbitration to which CSP is a non-party. We reach this conclusion for at least two independent reasons. First, the trial court's denial of preliminary injunctive relief to RLR on the trespass and temporary-closure issues is not entitled to preclusive effect in the trial court or elsewhere. On page three of its January 23, 2024 written decision overruling RLR's motion and dissolving the preliminary injunction previously entered by a magistrate, the trial court stressed that its denial of injunctive relief to RLR was a preliminary ruling that "d[id] not affect the merits of any party's claims or defenses beyond granting or denying the

preliminary injunction at issue." Precisely for this reason, we subsequently dismissed RLR's appeal from the trial court's overruling of its motion for preliminary injunctive relief, finding that the ruling was not a final order. In a February 6, 2024 decision, we explained:

> The parties agree that the trial court did not order the trial of the action on the merits to be advanced and consolidated with the hearing on RLR's preliminary injunction motion pursuant to Civ.R. 65(B)(2). Presumably, the trial court's decision was interlocutory notwithstanding its determination that RLR had not demonstrated a substantial likelihood of success on the merits of its claim. If RLR can present additional evidence at a trial, the trial court may order permanent injunctive relief. * * * Thus, we conclude that RLR has not established that it would lack a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action in the absence of an interlocutory appeal. * * *

Decision and Final Judgment Entry, *R.L.R. Investments, LLC v. Cross Street Partners, LLC*, 2d Dist. Montgomery No. 30021, p. 6 (Feb. 6, 2024).

{¶ 18} Given that the trial court's denial of preliminary injunctive relief to RLR was not final even within that case, it logically should not have preclusive effect in any other forum either. " 'The granting or denial of a preliminary injunction does not amount to an adjudication of the ultimate rights in controversy, is not conclusive on the court on a subsequent hearing, and concludes no rights of the parties.' " *Gessler v. Madigan*, 41 Ohio App.2d 76, 79, 322 N.E.2d 127 (3d Dist.1974), quoting 43 C.J.S. Injunctions 207, p.

936. "[W]e believe a judgment which will not serve to bind its own court should not serve to bind another court." *Woods v. Ohio High School Athletic Assn., No. 30*, 4th Dist. Pickaway No. 80 CA 30, 1981 WL 6063, *2 (Nov. 9, 1981); *see also Marketing Displays Internatl. v. Shaw*, 93 F.4th 967, 971 (6th Cir.2024) (recognizing the unfairness of imposing on a losing party the preclusive effect of an adverse ruling where it had no opportunity to appeal); *Medtronic, Inc. v. Gibbons*, 684 F.2d 565, 569 (8th Cir.1982) ("Gibbons argues that the issue of irreparable harm to Medtronic from the solicitation of Medtronic customers by former Medtronic sales representatives now employed by Pacesetter was resolved against Medtronic in the Western District of Kentucky proceeding, in which Medtronic was a party, and thus should collaterally estop Medtronic from claiming irreparable harm in the present action. * * * [T]he doctrine of collateral estoppel requires a prior final judgment; the granting or denial of a preliminary injunction is generally not based on a final decision on the merits and is not a final judgment for the purposes of collateral estoppel.").

{¶ 19} In short, we conclude that the trial court's denial of preliminary injunctive relief to RLR vested CSP with no protectable right or interest that RLR could "injure" by arbitrating against Rotunda. In reaching this conclusion, we stress again that the trial court disclaimed its ruling having any preclusive effect. Specifically, the trial court stated that its denial of a preliminary injunction to RLR "does not affect the merits of any party's claims or defenses beyond" the preliminary-injunction issue in this case. We then dismissed RLR's appeal from the trial court's ruling, depriving RLR of any ability to challenge it. Under these circumstances, the trial court's denial of a preliminary injunction

is not entitled to preclusive effect in RLR's pending arbitration. *See, e.g., AJZ's Hauling, LLC v. TruNorth Warranty Programs of N. Am.*, Ohio Slip Opinion No. 2023-Ohio-3097, __ N.E.3d __, ¶ 15-20 (recognizing that res judicata only applies when an issue or claim was decided in a prior final order or judgment and could have been raised on appeal in the prior proceeding).

{¶ 20} Insofar as CSP is concerned about the additional time and expense of arbitration or fears RLR's obtaining a "conflicting" ruling in the pending arbitration, we note that CSP is not a party to the arbitration and need not devote any time or energy to it. Moreover, CSP's principal, Rotunda, is capable of protecting its own rights and interests, as well as those of its agent, in that forum. This is particularly true given that an agent has no rights, interests, or powers greater than its principal. *Erickson v. United Serv.*, 98 Wis.2d 746, 297 N.W.2d 514, *2 (Wisc. App. 1980); *see also Chamberlain v. Grisham*, 360 Mo. 655, 658 (1950) (recognizing that "the authority of an agent is derived from his principal who alone generally has an interest in the subject matter relative to which the agent's power or authority is to be exercised"); *Software AG, Inc. v. Consist Software Solutions, Inc.*, Case No. 08 CIV. 389CMFM, 2008 WL 563449, *12 (S.D.N.Y. Feb. 21, 2008) (citing Restatement (3d) of Agency § 3.04 comment b (2007) and observing that an agent's "rights are no greater than those of its principal").

{¶ 21} With regard to the propriety of injunctive relief, we also fail to see how RLR now could obtain a conflicting ruling in arbitration regarding the propriety of CSP's temporarily closing and interfering with the pedestrian walkway. In dismissing RLR's appeal from the trial court's denial of injunctive relief, we pointed out RLR's failure to

obtain a stay. As a result, CSP began demolition and the walkway was destroyed prior to our ruling. Under those circumstances, we declared moot RLR's appeal involving its effort to obtain injunctive relief to prevent CSP from temporarily interfering with the walkway. Decision and Final Judgment Entry, *R.L.R. Investments, LLC v. Cross Street Partners, LLC*, 2d Dist. Montgomery No. 30021, at p. 7-8 (Feb. 6, 2024). The walkway's destruction seemingly would preclude RLR from obtaining injunctive relief in arbitration to prevent Rotunda's agent, CSP, from temporarily closing or interfering with it. Thus, CSP's concerns about conflicting rulings on that issue are unfounded.

{¶ 22} The second reason why CSP lacks standing involves RLR's claim that Rotunda is planning a permanent encroachment on the easement by having CSP construct a hotel room where the walkway sits. We fail to see how CSP has any interest in this dispute. CSP is a real-estate developer acting as Rotunda's agent to perform construction activities. As owner of the Arcade, Rotunda may or may not be planning to violate the easement agreement between it and RLR by placing a hotel room in the walkway area. But that is a dispute between RLR and Rotunda, both of which are parties to the arbitration agreement. In our view, CSP will not sustain any redressable injury if RLR arbitrates a permanent-encroachment dispute it has with Rotunda.

{¶ 23} Finally, the trial court erred in finding that RLR had made the permanent-encroachment issue part of the common pleas court case. Contrary to the trial court's ruling, we do not believe RLR has litigated the permanent-encroachment issue. As set forth above, RLR filed objections to the magistrate's decision enjoining CSP from closing or restricting access to the easement only until January 6, 2024. In a supplemental brief

supporting its objections, RLR included a paragraph advising the trial court about a planned permanent encroachment into the easement—the construction of a hotel room— if the magistrate's preliminary injunction were permitted to expire. In support, RLR submitted an affidavit and a construction drawing that it claimed depicted a planned hotel room in the easement area dissecting the walkway. CSP responded by denying the existence of any plans to encroach on the easement permanently.

{¶ 24} In its January 23, 2024 decision and entry sustaining CSP's motion for a preliminary injunction to prevent RLR from arbitrating against Rotunda, the trial court found that RLR's supplemental brief had injected the permanent-encroachment issue into the case before it. The trial court proceeded to find that issue "not ripe." In the course of its ruling, the trial court then found "no evidence" of a permanent encroachment in the record. The trial court also found "very little evidence" and "little or no evidence" that a permanent encroachment would occur. The trial court opined that grounds for RLR to arbitrate that issue against Rotunda were "weak or non-existent." The trial court preliminarily enjoined RLR from arbitrating any easement-related issues with Rotunda, including the alleged permanent encroachment.

{¶ 25} The trial court abused its discretion in finding that RLR's reference to a permanent encroachment in its supplemental brief made that issue part of the common pleas court case. In our view, the supplemental brief was intended to caution the trial court about threatened consequences if it dissolved the magistrate's preliminary injunction against CSP, not to make permanent-encroachment a substantive issue in the case. Contrary to the trial court's determination that "Plaintiff has litigated" the

encroachment issue, we conclude that RLR did not litigate the issue regarding planned construction of a hotel room.

{¶ 26} In fact, the permanent-encroachment issue could not have been litigated below because the trial court explicitly found it "not ripe" for review. To be justiciable, a claim must be ripe. *State ex rel. Jones v. Husted*, 149 Ohio St.3d 110, 2016-Ohio-5752, 73 N.E.3d 463, ¶ 21; *see also Robanda Internatl., Inc. v. Parkinson*, Case No. 13cv490 BTM, 2013 WL 4039835, at *2 (S.D. Cal. Aug. 6, 2013) (finding an issue "not actually litigated" where "the issue was not yet ripe for adjudication"). Thus, even if the trial court's denial of preliminary injunctive relief to RLR were entitled to some preclusive effect, it would not prevent RLR from arbitrating the permanent-encroachment issue against Rotunda. Once again, this means that CSP has no redressable injury predicated on RLR's arbitrating against Rotunda.

{¶ 27} For all of the foregoing reasons, we hold that CSP lacked standing to obtain an injunction preventing RLR from proceeding with its pending arbitration against Rotunda. The first assignment of error is sustained.

### III. Other Issues

{¶ 28} Our resolution of the standing issue renders moot RLR's other five assignments of error, and we overrule them on that basis. Even if CSP had standing, however, we have serious reservations about its ability as a defendant to obtain injunctive relief.

{¶ 29} We have recognized that R.C. 2727.03 delineates the jurisdiction of Ohio courts to issue injunctions. *Dayton v. Siff*, 2023-Ohio-4685, __ N.E.3d __, ¶ 103 (2d Dist.).

The statute provides that "the court of common pleas or a judge thereof" may issue an injunction when it appears "that *the plaintiff* is entitled to an injunction." (Emphasis added.) *See also Nasal v. Burge*, 2d Dist. Miami No. 2008-CA-40, 2009-Ohio-1775, ¶ 13 (recognizing "that R.C. 2727.03 confers upon common pleas courts the general subject-matter jurisdiction to hear and decide complaints for injunctive relief"); *State ex rel. CNG Fin. Corp. v. Nadel*, 2006-Ohio-5344, 111 Ohio St. 3d 149, 855 N.E.2d 473, ¶ 15, (citing R.C. 2727.03 as the source of a common pleas court's "basic statutory jurisdiction over actions for injunction"). Notably, R.C. 2727.03 does not authorize a common pleas court to issue injunctive relief to a defendant. Although the statute does not expressly prohibit such relief, the rule of statutory construction expressio unius est exclusio alterius is instructive. By specifically authorizing a common pleas court to grant injunctive relief to a plaintiff, one reasonably may infer that the statute precludes granting injunctive relief to a defendant. Otherwise, the statute's reference to a plaintiff is meaningless.

{¶ 30} The preceding section, R.C. 2727.02, which is titled "Causes for an injunction," also contemplates injunctive relief for a plaintiff. It provides:

A temporary order may be granted restraining an act when it appears by the petition *that the plaintiff* is entitled to the relief demanded, and such relief, or any part of it, consists in restraining the commission or continuance of such act, the commission or continuance of which, during the litigation, would produce great or irreparable *injury to the plaintiff*, or when, during the litigation, it appears that the defendant is doing, threatens or is about to do, or is procuring or permitting to be done, such act *in violation of the plaintiff's*

*rights* respecting the subject of the action, and tending to render the judgment ineffectual.

(Emphasis added.)

{¶ 31} Although Civ.R. 65 does not specify whether a plaintiff or a defendant may seek injunctive relief, it does state that "[t]he application for preliminary injunction may be included in the complaint or may be made by motion." Reading the rule as allowing either a plaintiff or a defendant to obtain an injunction by motion would conflict with R.C. 2727.02 and R.C. 2727.03 regarding a trial court's authority to grant injunctive relief to only plaintiffs.

{¶ 32} We note too that the first requirement for injunctive relief—a likelihood of success on the merits—seemingly would preclude a defendant from obtaining an injunction based on a defense. The requirement for a movant to show a likelihood of success "on the merits" traditionally has been understood to mean the merits of a claim. There is good reason for such an understanding. An injunction is an equitable remedy, not a claim for relief or a standalone cause of action. "Equity does not create rights, it provides remedies for existing recognized rights." *Lowry v. Cox*, 2d Dist. Miami No. 1992-CA-15, 1992 WL 335115, *2 (Nov. 16, 1992). In *Lowry*, this court noted that injunctive relief may be denied where it is "not ancillary to a proper claim for relief." *Id.* at *3. As this court recently explained, citing *Lowery*:

> A permanent injunction is not a claim for relief "but a remedy available to the court for use in aid of relief it has ordered. A party is not entitled to an injunction absent an order for relief, to which he is entitled only

after demonstrating a basis for his claim for relief." *Lowry v. Cox*, 2d Dist. Miami No. 92-CA-15, 1992 WL 335115, *3 (Nov. 16, 1992). In other words, the party seeking a permanent injunction must first prevail on the merits of its claim. * * *

*MWL Ents., LLC v. Mid-Miami Invest. Co.*, 2d Dist. Montgomery No. 28915, 2021-Ohio-1742, ¶ 37; *see also Haught v. Kettering*, 2d Dist. Montgomery No. 29864, 2024-Ohio-479, ¶ 37-38 (observing that a preliminary injunction is a remedy, not a cause of action or claim for relief, and noting that the appellant's "complaint requesting a temporary and permanent injunction failed to specify any underlying or independent cause of action in the trial court"); *Premier Health Care Servs., Inc. v. Schneiderman*, 2d Dist. Montgomery No. 18795, 2001 WL 1479241, *4 (Aug. 21, 2001) ("A preliminary injunction is a remedy; it is not a cause of action or a claim for relief.").

{¶ 33} In the present case, CSP sought an injunction under Civ.R. 65. Its motion applied the traditional four-part test for injunctive relief. In sustaining the motion, the trial court found, among other things, that CSP had demonstrated a likelihood of success on the merits of its "defense." The trial court did not specify the defense at issue. On appeal, CSP states that its defense was RLR's waiver of arbitration by litigating. *See* Appellee's Brief p. 16. But waiver of arbitration was not a defense to anything asserted by RLR against CSP. RLR's complaint contained a cause of action for trespass predicated on CSP's interference with RLR's use of the walkway. RLR also sought injunctive relief to prevent CSP from closing the walkway and interfering with RLR's rights under the easement. CSP's assertion in the trial court that RLR had waived arbitration by litigating

simply did not "defend" against anything raised by RLR in the common pleas court.

{¶ 34} In any event, a defense is not a claim. Given its status as a defendant, CSP did not assert a claim. CSP did not even assert a counterclaim. It advanced a free-standing request for injunctive relief, untethered from any underlying cause of action and predicated on a non-defense "defense." In essence, CSP sought the equitable remedy of an injunction without showing that any independent legal right was being infringed. Under these circumstances, we question whether the trial court had authority to grant CSP injunctive relief. In light of our holding above that CSP lacked standing, however, we need not resolve this issue today.

### IV. Conclusion

{¶ 35} The trial court's January 23, 2024 Decision and Entry Granting Defendant's Motion for Preliminary Injunction is reversed, and the trial court's preliminary injunction against RLR is dissolved.

. . . . . . . . . . . . .


WELBAUM, J. and HUFFMAN, J., concur.